[Civ. No. 163.  Second Appellate District.—October 27, 1906.]

## JENNIE M. WINCHESTER, Respondent, v. A. E. BECKER, Appellant.

''FORCIBLE ENTRY'' INTO PLAINTIFF'S DWELLING—WRONGFUL UNLOCKING OF LOCKED DOORS.—The unjustifiable entry by the defendant into the plaintiff's dwelling, of which she was in the actual possession, by means of the wrongful unlocking of locked doors, during the temporary absence of plaintiff, constitutes a ''forcible entry'' by ''breaking open doors'' within the meaning of section 1150 of the Code of Civil Procedure.

ID.—TREBLE DAMAGES—IMPROPER JUDGMENT—FINDING AGAINST EVIDENCE.—Where there is no evidence in the record to sustain a finding of the court that plaintiff suffered damages, by reason of the forcible taking and retention of the premises by defendant, in the sum of $150, or to show any amount in excess of $45, the

trebling of damages in the sum of $450 cannot be permitted to stand; and plaintiff is entitled to recover only the sum of $135, and must consent to modify the judgment to that extent, or suffer a new trial.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

J. W. Lane, and G. P. Adams, for Appellant.

J. L. Murphy, for Respondent.

SMITH, J.—Appeal from a judgment for the plaintiff and from an order denying the defendant's motion for a new trial.

This is a suit for forcible entry on the plaintiff's land. The premises in controversy consist of a lot of land situate in the city of Los Angeles, with a six-room dwelling-house thereon. On the record before us there can be no question as to the defendant's hostile entries upon the land in question on two several occasions and that the entries were without justification, or that the land was owned and in the actual possession of the plaintiff at the time of the defendant's entries; at which time also it appears that the house was securely locked and the keys in the possession of the plaintiff, except the key of one back door, which was secreted over the door. The first entry was in the absence of the plaintiff through the back door with this key and on the tenth day of June. On the 12th the plaintiff found an agent of the defendant on the premises and, taking from him the key, ordered him off. The defendant then, through his agent, applied to plaintiff for the key, proposing to enter under a pretended agreement for a sale of the land on which a deposit of $100 had been paid. But the plaintiff repudiated the agreement, and forbid the defendant's entry. This agreement contained no authority for the defendant to enter. The defendant thereupon again entered upon the premises through the front door, which he unlocked by means of a false key; and the finding of the court, which is fully sustained by the evidence, is, that the defendant on the occasion mentioned "fraudu-

lently and without right . . . went upon said premises and with force unlocked the doors of said house," etc.; which is to be construed as in effect that he entered in the manner shown by the evidence as above stated.

Other facts are alleged and found, but leaving these out of view, the question is presented whether the defendant's entry made in the manner stated comes within the provisions of the first subdivision of section 1159 of the Code of Civil Procedure; by which every person is to be held to be guilty of a forcible entry, who "by breaking open doors, windows or other parts of a house . . . enters upon or into any real property." This question, we think, must be answered in the affirmative. The meaning of the provision is that any opening of a closed door or window involving the use of force is to be regarded as "breaking open" the door or window or house. This was the construction given to the term "break" as entering into the common-law definition of burglary; and we see no reason why a different construction should be given to it in the provision now under consideration. (Abbott's Law Dictionary, word "Break"; see, also, Webster's Dictionary, in the expression: "Open the door or I will break it open"; and also the definition of "House Breaking" in Penal Code, section 461, as originally enacted, and in the act of February 27, 1864, Stats. 1863-64, p. 104.)

We do not find, however, any evidence in the record to sustain the finding of the court that the plaintiff suffered damage by reason of the taking and retaining of the possession of the premises in the sum of $150, or in any amount in excess of the sum of $45; which the court, in effect, finds was the value of the use and occupation during the month the premises were occupied by the defendant. The judgment should, therefore, be modified by striking therefrom "the sum of four hundred and fifty (450) dollars," as the amount adjudged, and inserting in lieu thereof "the sum of one hundred and thirty-five (135) dollars."

The case is remanded to the lower court, with directions to the court to grant a new trial, unless the plaintiff shall within ten days after the filing of the *remittitur* file a written consent to the modification of the judgment, as above indicated; and upon the filing of such consent, the judgment and order denying a new trial shall stand affirmed.

Allen, J., concurred.

GRAY, P. J., Concurring.—I concur in the judgment of the court and in the suggested modification of the judgment of the court below. I place my concurrence, however, upon the ground that it seems to me that the evidence discloses that the defendant did not take forcible possession of the house in question, but that he entered the same without any lawful right so to do, and that there is evidence contained in the testimony of Miss Winchester to uphold the findings and decision of the court to the effect that after this entry without right he held possession of the house by force. The plaintiff testifies: "I did not see Mrs. Becker at the time I was talking to Mr. Becker at the house. He showed me the receipt and stepped out and kept forcing me out of the door onto the porch, and I was standing on the porch and the door was closed when he showed me the check with my signature." In my opinion, this is sufficient evidence of force to uphold the finding of forcible detainer.

A petition for a rehearing of this cause was denied by the district court of appeal on November 24, 1906, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 13, 1906.