[Civ. No. 496.   Second Appellate District.—June 11, 1908.]

JENNIE M. WINCHESTER, Respondent, v. A. E. BECKER, Appellant.

ORDER GRANTING NEW TRIAL—"ERRORS OF LAW"—REVIEW UPON APPEAL.—Upon appeal from an order granting a new trial, "solely upon errors of law," the appellate court is limited in its review to errors appearing in the record, exclusive of the sufficiency of conflicting evidence to justify the decision.

ID.—FAILURE TO FIND UPON MATERIAL ISSUE—DECISION AGAINST LAW. The failure of the court to find upon a material issue renders the decision against law, and such failure will support the order granting a new trial.

ID.—UNSUPPORTED FINDING—ERROR OF LAW.—A finding essential to the judgment rendered, which there is no evidence to support, constitutes an error of law, which will support the order appealed from.

ID.—ACTION TO RESCIND CONTRACT TO SELL LAND—CROSS-COMPLAINT—FAILURE TO FIND UPON ISSUE OF FRAUD.—In an action to rescind a contract to sell real estate, for fraud in its procurement, and to recover possession from the purchaser, who seeks to enforce the contract by cross-complaint, in answer to which the fraud is set forth, showing that a person named, acting on behalf of the defendant purchaser, falsely represented that he was employed by plaintiff's agents and urged her to pay more for the property than she had offered, knowing his representation to be false, to plaintiff's injury, the plaintiff was entitled to a finding upon that issue, and where the judgment was for the defendant, and the court granted a new trial to the plaintiff for errors of law, the failure to find upon the issue of fraud will support the order granting the new trial.

ID.—FINDING AGAINST EVIDENCE.—A finding that the defendant was guilty of no deception or fraud, and that plaintiff has suffered no damages, in so far as it implies that the intermediary was acting for plaintiff's agents, and that plaintiff was not damaged by his fraud, is wholly against the evidence, and is an error of law supporting a new trial.

ID.—INEQUITABLE ENFORCEMENT OF CONTRACT.—A court cannot properly lend its aid to enforce a contract which is in any respect unfair or savors of oppression.

ID.—DAMAGE TO PLAINTIFF—INCREASED LIABILITY FOR COMMISSIONS.—The increased liability of plaintiff to his agents for commissions constituted damage to plaintiff by reason of the deception and fraud increasing the price offered by plaintiff.

ID.—ERROR OF LAW AS TO CONSTRUCTION OF CONTRACT—RIGHT OF POSSESSION BY PURCHASER.—It was an error of law to construe the contract as authorizing the defendant as proposed purchaser to take possession, and to find that he was rightfully in possession, and such error will also support the order granting a new trial to the plaintiff.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

John W. Lane, and G. P. Adams, for Appellant.

J. L. Murphey, for Respondent.

ALLEN, P. J.—Appeal by defendant as cross-complainant from an order granting a new trial.

The action was brought by plaintiff for the rescission of a real estate contract, and in ejectment. The defendant answered and filed a cross-complaint, praying for a specific performance of the contract sought to be rescinded. The trial court found in favor of the defendant, and gave judgment against plaintiff and in defendant's favor upon the cross-complaint. Notice of intention to move for a new trial upon nearly all of the statutory grounds was duly given by plaintiff, upon the hearing of which the court granted the same, but "solely upon errors of law." The rule is established that upon an appeal from such an order granting a new trial the appellate court is limited in its review to errors appearing in the record exclusive of the sufficiency of conflicting evidence to justify the decision.

The written contract which plaintiff sought to rescind, and which, upon the other hand, defendant sought to specifically enforce, appears in the pleadings and findings in the words and figures following:

"Los Angeles, June 10, '05.

"Received of A. E. Becker the sum of $100.00 as deposit on lot 2 of the Osborne tract. Balance of $2500.00 to be paid upon the delivery of an unlimited certificate of title.

"JENNIE M. WINCHESTER."

It may be inferred from the record that upon the trial of the action all parties proceeded upon the theory that it was competent to alter the terms of such a contract by parol proof; for no objection thereto appears which was so made as to afford the trial court an opportunity to pass upon the question. From the evidence introduced the court finds that it was understood and agreed upon by the parties that, in addition to the $2,600 in cash, mentioned in the contract, to be paid for the property, the defendant was to assume a mortgage of $2,400, a lien on said premises, through which the consideration was increased to $5,000, instead of $2,600, as specified in the contract, which price of $5,000 the court finds to be the fair value of the premises. Treating this modified contract as the true agreement, the court finds that it was executed under the circumstances following: Plaintiff, being the

owner of said premises and desirous of selling the same for $5,300, on June 5, 1905, executed to a real estate firm a writing, whereby she made said firm her exclusive agents for the sale of said premises at said price for thirty days, or until such time as she revoked the authority in writing; agreeing that if, during the time of said agency, they should sell said premises, or introduce a buyer who should purchase at an acceptable price, plaintiff would pay the regular commissions to said agents. That shortly thereafter the real estate firm took defendant to the property and showed the same to him, giving the price at $5,300; and defendant refused to buy at that price, but offered $4,800. This offer being communicated by the real estate firm to the plaintiff, she declined it, but said to them that she would accept $5,150, or $5,000 net to her. Thereafter, one Golden, on behalf of the defendant, called upon plaintiff and represented that he was in the employ of plaintiff's agents, which representation was without defendant's knowledge; and plaintiff, believing that she was dealing with her agents, agreed to accept his offer made on behalf of defendant to pay $5,000 net for the premises, and executed the receipt and contract hereinbefore set out.

It is further found that pursuant to said agreement defendant took possession, and has ever since been in the lawful possession of said premises. That on June 15th plaintiff gave notice of rescission and tendered back the $100 paid, and demanded possession. It is averred in the complaint, and repeated by plaintiff in the answer to the cross-complaint, that Golden, when he made the representation that he was in the employ of the real estate firm, was not so employed; that such representation was false and known by him to be false. The court makes no finding upon this matter. We think plaintiff was entitled to a finding upon this issue, for if, in fact, Golden was not connected with plaintiff's agents, but was acting solely for the purchaser, it changes the situation of the parties. If Golden had authority from the agents to act, and the price of $5,000 was accepted, such agents, under their contract of employment, could have no claim against plaintiff for commission. On the contrary, if Golden was, as alleged by plaintiff, acting solely for a purchaser who had been introduced into the transaction by the agents, and who was secretly making the purchase at a price less than plaintiff

understood she was to receive, or at a price which, if accepted, would still leave her liable to her agents for their commission, then Golden was guilty of fraudulent conduct for which the defendant as his principal was responsible. This finding plaintiff was entitled to have, if any evidence appears in the record upon which such a finding could be based. Examining the bill of exceptions, we find it clearly established, without contradiction, that Golden was not connected with the real estate firm, but, on the contrary, was acting solely for the purchaser and at his instance and request. If there is a failure to find upon a material issue, "the decision is against law and may be reviewed on appeal from an order granting or refusing a new trial." (*Adams v. Helbing,* 107 Cal. 301, [40 Pac. 422].) Were it to be assumed that the finding made by the trial court, "that there was no deception or fraud on the part of the defendant, and plaintiff has not suffered any damage," is equivalent to a finding that Golden was acting for plaintiff's agents, and that they were concluded by his statements and negotiations, we may still look into the bill of exceptions to see if such finding has any support from the evidence; for, "if there is no evidence upon an issue which is essential to the judgment, a finding upon such issue is an error of law." (*Domico v. Casassa,* 101 Cal. 414, [35 Pac. 1024].) The record, as before stated, contains no evidence supporting a finding that the agents of plaintiff were connected in any wise with Golden, or concluded by any contract or representation made by him.

It is insisted by appellant that, conceding the falsity of Golden's statements, and that plaintiff relied thereon in the transaction, still no damage resulted to plaintiff, and she cannot complain. We are unable to appreciate the force of this suggestion. If plaintiff was induced by a false statement to make a contract through which she became liable to her agents for $150 commission, for which she would not have been liable if the representations had been true, she certainly was damaged to that extent. Her liability to the agents was created by the sale to one introduced by them, and it is no answer to say that, because such liability has not been enforced before the trial, it therefore ceases to exist. "The court will not lend its aid to enforce a contract which is in any respect

unfair or savors of oppression." (*Agard* v. *Valencia,* 39 Cal. 302.)

There is still another error of law apparent in the record. The court finds that pursuant to the contract set out defendant took possession of the premises and has ever since been in the lawful possession thereof. This finding is susceptible of no construction other than that the right of possession was conferred by the contract set out. The converse of this has been determined in *Winchester* v. *Becker,* 4 Cal. App. 382, [88 Pac. 296].

We are of opinion that errors of law appear in the record justifying the action of the trial court in granting the order for a new trial, and the order is affirmed.

Shaw, J., and Taggart, J., concurred.