SPRINKLE, APPELLANT, *v.* ANDERSON, RESPONDENT.

(No. 4,080.)

(Submitted January 13, 1920.  Decided February 9, 1920.)

[187 Pac. 908.]

*Forcible Entry—"Breaking" Open—Sufficiency of Complaint—*
*Nonsuit—Presumptions.*

Nonsuit—Presumptions.
    1.   On motion for nonsuit, every fact is deemed to be proved which the
    evidence tends to establish, and if, viewed in the light most favorable
    to plaintiff, it makes out a *prima facie* case, it is error to grant the
    motion.
Same—When Proper.
    2.   A case should not be withdrawn from the jury unless as a matter
    of law recovery cannot be had in any view of the evidence, including
    legitimate inferences to be drawn from it.
Forcible Entry—"Breaking" Open—Sufficiency of Complaint.
    3.   *Held,* in an action in forcible entry, that an allegation of the com-
    plaint that though the doors and windows of the dwelling in question
    had been securely fastened, defendant forced open the doors and win-
    dows and entered the dwelling, *etc.,* was sufficient to constitute a "break-
    ing" open of the doors and windows, under section 7269, subdivision 1,
    Revised Codes.
Same—*Prima Facie* Case—Sufficiency.
    4.   Where one in possession of a dwelling-house, while temporarily
    absent, leaves the doors and windows securely locked, and upon his
    return finds an intruder therein, without his consent, the circumstances
    indicating an entry by forcing or breaking open the widows or doors,.

a showing of other force or violence is not necessary to warrant a submission of a cause of action in forcible entry to the jury.

[On right of one who was in peaceable possession to maintain forcible entry and detainer against another entitled to possession, who forcibly dispossessed him, see notes in 8 L. R. A. (n. s.) 426; 32 L. R. A. (n. s.) 51; L. R. A. 1918B, 670.]

*Appeal from District Court, Blaine County; W. B. Rhoades, Judge.*

ACTION by James L. Sprinkle against Moses Anderson. From judgment of nonsuit, plaintiff appeals. Reversed and remanded.

*Mr. Frank N. Utter,* for Appellant, submitted a brief.

*Messrs. Norris & Hurd,* for Respondent, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

This court has in a number of instances construed the provisions of section 7269, Revised Codes, but the case of *Spellman* v. *Rhode,* 33 Mont. 21, 81 Pac. 395, is the only case wherein a question was discussed applicable to the matters under consideration in the case at bar. In this case the court considered a complaint containing the allegation that "the defendant forcibly and without right entered thereon and by force and arms ejected plaintiff therefrom." It was held that this complaint stated a cause of action in forcible entry, and in discussing the proposition of the forcible entry and detainer statute said that it is designed "to furnish a summary remedy to obtain possession of real property and to prevent even rightful owners from taking the law into their own hands and proceeding to recover possession by violence." We construe this decision as holding that force is an element in forcible entry, and as supporting our contention in the lower court that the appellant failed to show that respondent exercised any force or violence or broke any doors, *etc.,* as required by the statute to constitute forcible entry.

In *Amos* v. *Cohn,* 7 Cal. App. 432, 94 Pac. 590, the court defines the term "force" as used in subdivision 1, section 1160, of the California Code of Civil Procedure, and holds that it "contemplates actual force or such conduct on the part of de-

fendant as tends to inspire a just apprehension of violence.''
In the case of *San Francisco & Sub. Home Bldg. Society* v.
*Leonard,* 17 Cal. App. 254, 119 Pac. 405, in discussing forcible
entry and unlawful detainer, the court holds that the purpose of
the statute is to prevent a person from redressing or attempting
to redress his wrongs in a way that would be likely to lead to
serious wrongs against the public or society. (See, also, *Polack*
v. *McGrath et al.,* 25 Cal. 54; *Taylor* v. *Scott,* 10 Or. 483; *Wolfer*
v. *Hurst,* 47 Or. 156, 8 Ann. Cas. 725, 80 Pac. 419, 82 Pac. 20;
*Romero* v. *Gozales,* 3 N. M. 35, 1 Pac. 171; *Fowler* v. *Pritchard,*
148 Ala. 261, 41 South. 667; *Smith* v. *Reader,* 21 Or. 541, 15
L. R. A. 172, 28 Pac. 890.)

MR. JUSTICE HURLY delivered the opinion of the court.

Action in forcible entry. Plaintiff's testimony was to the
effect that he was in possession of certain premises, using the
land for farming purposes, certain of his employees occupying
the dwelling-house thereon up to about the 6th or 7th of June,
1916, when they left the premises to work elsewhere for plain-
tiff, leaving the house securely locked, nailing shut the windows,
locking and nailing shut the front door, and fastening the
kitchen door with a padlock, the keys remaining with plaintiff's
employees. The defendant, sworn in behalf of plaintiff, testi-
fied that he went upon the premises June 25, 1916, entered the
dwelling-house, and continued to reside therein, without having
obtained permission from plaintiff so to do.

At the close of plaintiff's case a nonsuit was granted on motion
of the defendant. From judgment based upon the order grant-
ing the nonsuit, plaintiff has appealed.

It is conceded that plaintiff bases his right to recover upon
the provision of section 7269, Revised Codes of 1907, section 1,
as follows: ''Every person is guilty of a forcible entry who
either: 1. By breaking open doors, windows, or other parts of a
house, or by any kind of violence or circumstance of terror en-
ters upon or into any real property or mining claim.''

Defendant asserts that, no showing of force, violence or circumstances of terror having been made, the nonsuit was properly granted.

On motion for nonsuit every fact is deemed to be proved [1] which the evidence tends to establish, and if, viewed in the light most favorable to plaintiff, the evidence makes out a *prima facie* case, it follows that the trial court erred in granting the nonsuit. A case should never be withdrawn from the jury [2] unless it follows as a matter of law that recovery cannot he had upon any view of the evidence, including the legitimate inferences to be drawn from it. (*Morelli* v. *Twohy Bros. Co.*, 54 Mont. 366, 170 Pac. 757, and cases cited.)

Contention is made that the allegation of the complaint that, [3] "the doors and windows of said dwelling being then and theretofore securely fastened, the said defendant did then and there force open the said doors and windows, and entered into said dwelling-house and premises," *etc.*, does not constitute a charge of "breaking" as used in the statute. However, see *Winchester* v. *Becker*, 4 Cal. App. 382, 88 Pac. 296.

While the exact manner of defendant's entry of the dwelling-house is shown only circumstantially, it is a legitimate inference from the evidence that plaintiff entered as alleged in the complaint. (*Davidson* v. *Phillips*, 9 Yerg. (Tenn.) 93, 30 Am. Dec. 393.)

Where one in possession of a dwelling-house, while temporarily absent, leaves the doors and windows securely locked, and upon his return finds an intruder therein, without his consent, the circumstances indicating an entry by forcing or breaking open the windows or doors, a showing of such facts will ordinarily justify submission of a cause of action in forcible entry to the jury, without a showing of other force or violence, under our statute, *supra*. In this connection see *Davidson* v. *Phillips*, *supra; Winchester* v. *Becker, supra; Mason* v. *Powell*, 38 N. J. L. 576; *Wilson* v. *Campbell*, 75 Kan. 159, 121 Am. St. Rep. 366, 12 Ann. Cas. 766, 8 L. R. A. (n. s.) 426, 88 Pac. 548; *Brawley* v. *Risdon*, 38 Cal. 676.

We have examined the cases cited by respondent, but they are based upon facts different from those disclosed here, or upon rules of law differing from our statute, which was evidently drawn with a design to avoid nice distinctions as to the amount of force necessary to constitute the entry a forcible one within its intent.    (*Gray* v. *Collins,* 42 Cal. 152.)

By this ruling we do not pass upon the question as to whether the plaintiff had established his claim as alleged in the complaint in its entirety, that is, whether he had proven any damages, or whether his entry into the dwelling constituted a forcible entry upon the remainder of the tract of land sufficient to justify the submission of the case to the jury as to these features.

The motion for a nonsuit was improperly granted.

The judgment is reversed, and the cause remanded to the district court.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLO-WAY, MATTHEWS and COOPER concur.