WIGHT, Appellant, v. STEVENSON, Respondent.

No. 9097.

Submitted November 17, 1952. Decided January 9, 1953.

252 Pac. (2d) 241.

Messrs. Swanberg and Swanberg, Great Falls, for appellant.

Messrs. McCabe and McCabe, Great Falls, for respondent.

Mr. Stephen M. Swanberg and Mr. Ernest J. McCabe, Jr. argued orally.

MR. JUSTICE ANGSTMAN:

This action was to recover on a promissory note, admittedly executed by defendant and made payable to plaintiff. The note was executed on January 14, 1931, and made payable 90 days from date. The action was commenced in 1946.

The complaint alleged that on January 3, 1934, defendant

paid $100 on the note and on September 1, 1938, the further sum of $75.

Defendant pleaded that he did not make the payments alleged in the complaint and that the action was barred by the Statute of Limitations. Sec. 9029, Rev. Codes 1935, R. C. M. 1947, sec. 93-2603.

A further separate defense was pleaded but we need not allude to it here. The cause was tried to the court without a jury. At the close of plaintiff's evidence defendant moved for a judgment of non-suit upon the ground that no payments on the note were proved and that the case is ruled by Nathan v. Jenkins, 113 Mont. 46, 123 Pac. (2d) 975.

The court sustained the motion and ordered the action dismissed. Plaintiff has appealed from the judgment.

In considering the propriety of the court's ruling on the ▉ motion for non-suit we keep in mind the well-established rule that the evidence must be viewed in the light most favorable to plaintiff and that every fact is deemed to be proved which the evidence tends to establish. Morelli v. Twohy Bros. Co., 54 Mont. 366, 170 Pac. 757; Sprinkle v. Anderson, 57 Mont. 223, 187 Pac. 908; Cowan v. Browne, 63 Mont. 82, 206 Pac. 432; Stevens v. Hines, 63 Mont. 94, 206 Pac. 441; Boyd v. Great Northern Railway, 84 Mont. 84, 274 Pac. 293.

But notwithstanding this rule, if essential allegations of the complaint are not proved the court's action in sustaining the motion for non-suit must be sustained.

Whether this case is ruled by the Nathan Case need not be considered.

Defendant contends that there was no proof as to when the alleged payments were made on the note and hence that the court's action in sustaining the motion for non-suit was proper. The only proof given by plaintiff on this point was as follows: "Directing your attention to the two endorsements on the back of the note, the first saying, 'Received payment January 3, 1934, credited on interest, $100.00', is that your handwriting? A. That is my handwriting. Q. And the next one, 'September

1, 1938, received payment, $75.00,' is that your handwriting? A. That is my handwriting.''

While the authorities are not uniform on the subject, the weight of authority and the better reasoned cases support the view that an indorsement of a payment on a note by the holder does not create a presumption that the payment was made at the time that the indorsement indicates.

In Smith v. Wells, 70 N. H. 49, 46 A. 51, 53, in speaking on this point the court said: ''While the note itself afforded *prima facie* evidence of consideration, and while there was also evidence tending to show that the deceased made a payment to be applied upon it, there was no evidence whatever that the payment was made or indorsed within six years next before the commencement of proceedings for collection of the note, unless the indorsement might of itself be considered by the referee as competent evidence of the true date thereof, and sufficient, in the absence of evidence to the contrary, to take the case out of the operation of the statute of limitations. But it is well settled that [we] could not properly give such effect to the indorsement. Standing alone, as it did, and in the handwriting of the plaintiff, it was not evidence that any payment was made at the time of its date. Marshall v. Daniels, 18 N. H. 364, 365; Wheeler v. Robinson, 50 N. H. 303-305; Clough v. McDaniel, 58 N. H. 201. Both in principle and upon authority, a party cannot be permitted to put in evidence his declarations òr writings in his own favor, when such declarations or writings may have been made for the very purpose of creating the evidence.''

In Sugent v. Arnold's Estate, 340 Mo. 603, 101 S. W. (2d) 715, 716, the court said: ''There is no presumption that the indorsement of a payment on a promissory note was made at the time it bears date. Where the statute of limitations is relied on as a defense to a note, the plaintiff should not be permitted to read in evidence credits indorsed on the note without first proving when the indorsements were made, where they bear date prior to the running of the statute of limitations.

The purpose of the rule is obvious. If the rule were otherwise, it would open wide the door to fraud and afford the holder of the note an opportunity to revive a note already barred by dating an indorsement of payment thereon prior to the bar, especially where, as here, the maker of the note is dead. Meffert v. Lawson, 289 Mo. 337, 359, 360, 233 S. W. 31, and cases cited. Where indorsements are made on a note by the holder thereof prior to the bar of the statute, this will furnish prima facie evidence that payments were made at that time, provided it be further shown that the indorsements were in fact made on the dates which they bear.''

To the same general effect is Caneer v. Kent, 342 Mo. 878, 119 S. W. (2d) 214; and Wickwire v. Reard, 37 Wash. (2d) 748; 226 Pac. (2d) 192, 23 A. L. R. (2d) 1323.

In Murphy v. Phelps, 12 Mont. 531, 31 Pac. 64, which was decided before section 93-2719 was enacted and at a time when it was proper to raise the question of the bar of the statute by demurrer to the complaint, it was held that a complaint based upon a promissory note which was concededly barred by limitations unless a payment on the note had been made failed to state facts sufficient to constitute a cause of action by the mere allegation of an indorsement as follows: ''Dec. 30th, 1888, rec'd $90.30'' together with the allegation that ''said note of $558.26, less the indorsement thereon of $90.30, is now due and unpaid.'' The court said: ''A statement in a complaint that an indorsement of the receipt of a certain sum appears on the promissory note sued on is not an averment that the obligor has paid any sum thereon. The indorsement could be placed thereon without payment, and the statement in the complaint that the note is indorsed, 'Dec. 30th, 1888, rec'd, $90.30,' could be made in truth, although the maker of the note had paid nothing whatever thereon. Neither is the allegation of the sixth paragraph of the complaint, that 'said note, less the indorsement thereon of $90.30, is now due and unpaid,' an averment that said sum was paid on said note. It might be truly alleged that the amount of the note was due, less the amount of said indorsement, when

in fact the whole amount of the note was due and unpaid, including the sum stated as indorsed thereon. When the vital question is whether the claim is, or is not, barred by the statute of limitations, and the determination of such question depends upon the fact of a payment, such uncertain allegations as to that fact are insufficient.''

If an allegation that an indorsement giving its date and amount is insufficient to state a cause of action for failure to allege time of payment as held in the Murphy Case, supra, so testimony of the same matter is insufficient to prove time of actual payment.

Here there is no evidence in the record aside from the indorsement on the note as to when the payments claimed were actually made. There is nothing in the record to show when the indorsements were made on the notes.

In the absence of a showing as to when the payments were made and when the indorsements were placed on the notes, the court did not err in sustaining the motion for non-suit. Plaintiff did not sustain the burden of proof resting upon him that the payments had been made at such times as to revive the claim otherwise barred by the Statute of Limitations. The rule is well settled that a party relying on a part payment to remove the bar of the Statute of Limitations has the burden of proving it as well as to prove that it was made ''at such a time as to remove the bar of the statute''. 54 C. J. S., Limitations of Actions, sec. 389, p. 529; 34 Am. Jur., Limitation of Actions, sec. 451, p. 354.

It is immaterial whether the matter relied on is asserted in the complaint or in the reply.

The rule is stated in American Jurisprudence, supra, as follows: ''Thus, when the plaintiff, either by allegations of matter in avoidance in the complaint or by reply to the defendant's answer, relies upon his own disability to prevent the running of the period, it is incumbent upon him to show such disability.''

Where as here plaintiff pleaded the payment in his complaint in order to remove the bar of the statute it was incumbent

upon him before resting his case to make proof of the time of payment in order for the court to determine whether it prevented the bar of the statute. The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES BOTTOMLY and FREEBOURN, concur.

MR. JUSTICE ANDERSON not being a member of the court at the time of oral argument took no part in the decision.