No. 12444

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

HAVRE DAILY NEWS, INC.,

Plaintiff and Respondent,

-vs-

CLYDE D. FLOREN,

Defendant and Appellant.

---

Appeal from: District Court of the Twelfth Judicial District,
Honorable Truman G. Bradford, Judge presiding.

Counsel of Record:

For Appellant:

Tipp, Hoven and Brault, Missoula, Montana
Vernon Hoven argued, Missoula, Montana

For Respondent:

Burns and Solem, Chinook, Montana
William Solem argued, and Stuart C. MacKenzie appeared,
Chinook, Montana

---

Submitted: September 25, 1973

Decided: NOV 7 - 1973

Filed: NOV 7 - 1973

Thomas J. Kearney

Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by defendant, Clyde D. Floren, from judgment rendered in the district court, twelfth judicial district, County of Hill, after the granting of a motion for summary judgment made by plaintiff, Havre Daily News, Inc.

On September 24, 1963, plaintiff and defendant entered into a contract whereby defendant agreed to buy from plaintiff certain office supplies and equipment, job printing equipment, and job stock for the sum of $36,000. In a separate agreement, made on the same day as the original contract, plaintiff also agreed not to compete with defendant in job printing or the sale of office supplies and equipment for a ten year period. This restriction from competition extended to all of Hill County, Montana.

The contract called for a down payment of $9,000 and monthly payments of $299.77 commencing on November 15, 1964, with a like amount to be paid on or before the 15th day of each month thereafter, for a period of ten years. Defendant defaulted under the contract by failing to make payments when due. Plaintiff commenced this action on April 9, 1971, to recover the unpaid balance due under the contract of $11,328.87, together with interest at the rate of 6% per annum from April 15, 1970. Defendant counterclaimed for damages resulting from an alleged breach of the restrictive covenant by plaintiff.

The cause was tried to a jury resulting in no verdict because of a divided jury. Subsequently, the matter was set for trial before the Hon. Truman Bradford who was called in by virtue of the disqualification of the Hon. B. W. Thomas, judge of the twelfth judicial district, Hill County, Montana.

Prior to trial, a pretrial order was entered, which included

- 2 -

these certain agreed facts:

1. That the respective agreements entered into on September 24, 1963, by plaintiff and defendant are correct and binding on both plaintiff and defendant.

2. That the unpaid balance on the original contract was the sum of $11,328.87, together with interest at the rate of 6% per annum from April 15, 1970.

3. That the plaintiff did certain printing aside from the Havre Daily News in varied amounts, but in excess of the sum of $15,000.

Plaintiff moved for summary judgment on the record and the answers to interrogatories previously made by defendant, which in substance set forth:

1. That defendant claimed no loss of business profits.

2. That defendant claimed a value loss of a restrictive covenant computed at the rate of $500 per month for the life of the restrictive covenant, for a total loss of $39,500.

3. That the $39,500 loss defendant claimed could not be substantiated by any business books or records kept by him.

4. That no part of the purchase price in the original agreement between the parties was allocated to the value of good will or the restrictive covenant.

The district court from the court record and answers to interrogatories, in its findings of fact set forth the agreed facts as set out in the pretrial order, and in addition found:

> "The damages claimed by the defendant must have been proximately caused by the Plaintiff's breach. The acts of the Plaintiff which are alleged to have been acts in breach of the covenant not to compete are set out in II, No. 3 above. These acts vary in time, amount and length of breach. The Defendant is not claiming actual damages for each specific breach. The Defendant is claiming damages in the amount of Thirty Nine Thousand Five Hundred Dollars ($39,500.00) which was computed at the rate of Five Hundred Dollars ($500.00)

- 3 -

per month during the life of the restrictive covenant. The Defendant's claim for damages was not made in conjunction with, or in consideration of the number of acts in breach, or the time, amount and length of each breach by the Plaintiff. Damages claimed by the Defendant cannot be substantiated by any book or records kept by him. No damages are being claimed for the loss of business profits. The Defendant is not claiming damages for business losses as a result of Plaintiff's breach. No part of the purchase price under the original contract was allocated to the value of good will, or the restrictive covenant."

From such findings, the district/ concluded:
                                            court

"No damages can be recovered for a breach of a contract which are not clearly ascertainable in both their nature and origin. The correct measure of damages, if any, to the Defendant, is the value of or profits, on the business lost, as a result of the Plaintiff's breach of their restrictive covenant."

The district court entered summary judgment in favor of plaintiff and against defendant. Defendant appeals.

The issue presented to this Court for review is the proper measure of damages resulting from a breach of a restrictive covenant.

In Leiman-Scott, Inc., v. Holmes, 142 Mont. 58, 381 P.2d 489, a case with an almost identical factual situation as the instant case, the plaintiff, entered into an agreement with Holmes, the defendant, wherein the defendant was given exclusive territorial rights for establishing sales outlets and distribution of certain items in exchange for a $10,000 note made payable to the plaintiff. Plaintiff sued for $6,000, the remaining balance due on the note. Plaintiff violated the agreement by sending into the restricted sales area its own sales representative who sold approximately $1,500 of merchandise. The district court granted defendant's motion for nonsuit at the close of the plaintiff's testimony. This Court reversed and remanded the cause to the district court, agreeing with plaintiff's

- 4 -

contention that the judgment of the district court should have been for $6,000, less the profit realized on the business performed by Leiman-Scott, Inc., in breach of the contract.

In reaching our decision in Leiman-Scott we cited the general rule found in 38 C.J.S. Good Will §16, p. 961. We again state that general rule:

> "Where the seller of a business and its good will improperly interferes with the good will transferred, or commits a breach of his restrictive covenant, the purchaser may have an action for damages, or he may counterclaim for damages in an action by the vendor for recovery of the price. General rules of procedure apply in such actions.
>
> "The damages accruing to the purchaser if the seller improperly interferes with the good will transferred, or commits a breach of a restrictive covenant, are the loss which the purchaser sustains by reason of the wrongful conduct of the seller."

In the instant case, the district court properly concluded that the measure of damages to defendant is the value of the profits on the business lost as a result of plaintiff's breach of their restrictive covenant. In other words, the damage to defendant is the loss of the business performed by plaintiff which would have been realized by defendant had he performed the business. The amount of loss suffered by defendant is determined by the extent of the breach by plaintiff.

Under Rule 56(c), M.R.Civ.P., one of the items which may be considered by the trial court in ruling on a motion for summary judgment is "answers to interrogatories". Plaintiff served upon defendant several interrogatories. To certain interrogatories defendant answered:

> "INTERROGATORY 1: Are you claiming any damages for the loss of business profits?
>
> "ANSWER: No.
>
> " * * *
>
> "INTERROGATORY 8: Are you claiming damages for the loss of the value of the restrictive covenant?

"ANSWER: Yes.

"INTERROGATORY 9: If so, state:

"a) The amount of such loss you are claiming.

"ANSWER: $39,500.00.

"b) The facts on which you will rely to prove such loss.

"ANSWER: The testimony of Clyde Floren as to values.

"c) How the amount of such loss was computed.

"ANSWER: $500.00 per month, (see Interrogatory 7c)."
[At the rate of $500 per month for the life of the restrictive covenant.]

"INTERROGATORY 10: Can your answers to questions 9a, 9b and 9c relative to the loss thereof, be substantiated by any books or records kept by you in the ordinary course of business?

"ANSWER: No."

Defendant claimed no loss of business profits but claimed the loss of the value of the restrictive covenant at the rate of $500 per month. Defendant's method is irreconcilable with the theory that the amount of loss is determined by the extent of the breach by the plaintiff. Defendant admitted that no part of the loss which he was claiming could be substantiated by business books or records.

Section 17-302, R.C.M. 1947, provides:

"No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin."

In Vancil v. Anderson, 71 Idaho 95, 227 P.2d 74, 78, a case which also involved a breach of a restrictive covenant not to compete, the Supreme Court of Idaho in considering whether the owner could testify as to the business lost stated this general rule:

"The broad general rule is to the effect that a witness cannot state his conclusion as to the amount of monetary damage that has been sustained by himself or another by reason of the invasion of a legal right, without first testifying to the facts upon which his opinion is predicated."

- 6 -

The Idaho Court examined the evidence of the party claiming damages to determine "the presence or absence of any facts upon which his opinion evidence may be predicated." The evidence concerning such damages included testimony of the decline of daily receipts, reduction of gross sales, increase in overhead expenses, and business records.

Furthermore, here defendant admitted that no part of the purchase price had been allocated to good will or the restrictive covenant. Defendant in his answer to interrogatories answered:

"INTERROGATORY 18: Was a portion of the purchase price in the original agreement between the Plaintiff and Defendant allocated to the value of the restrictive covenant or good will?

"ANSWER: No.

"INTERROGATORY 19: If your answer to Question No. 18 is yes, state the specific amount allocated for the value of the restrictive covenant or good will.

"ANSWER: Not applicable.

"INTERROGATORY 20: Was it stated in the original contract in Exhibit "A" that no part of the purchase price was allocated for good will, franchises or other intangible assets?

"ANSWER: Yes.

"INTERROGATORY 21: Are you claiming that the covenant not to compete is not an intangible asset?

"ANSWER: No."

Defendant, however, contends the district court should have found that the parties agreed there was a value to be attached to the restrictive covenant, but that the value was not specified and that testimony should be adduced as to the value of the restrictive covenant.

Clearly, the district court ruled properly that no part of the purchase price had been allocated to good will or the restrictive covenant, since its findings were taken directly from the answers of defendant. In addition, the terms of the

original contract stated:

> "It has been agreed between the parties that no part of the purchase price has been allocated for good will, franchises, or other intangible assets."

It is clear that no part of the purchase price under the original contract was allocated to good will or the restrictive covenant; that the defendant's claim of damages is speculative and conjectural in nature and unsupported by business books or records or claim of loss of business profits; and, that the correct measure of damages for breach of a restrictive covenant not to compete is the business or profit lost to the party relying on such covenant. The district court, after its examination of the record and defendant's answers to interrogatories, properly concluded that plaintiff was entitled to summary judgment as a matter of law under Rules 56(a) and (c), M.R.Civ.P.

The judgment of the district court is affirmed.

-------------------------------------
                              Chief Justice

We concur:

-------------------------------------

-------------------------------------

-------------------------------------
Hon. M. James Sorte, District Judge, sitting in place of Mr. Justice Gene B. Daly.

-------------------------------------
Hon. Peter G. Meloy, District Judge, sitting in place of Mr. John C. Harrison.