No. 86-263

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

WESTERN MEDIA, INC., a Montana
corporation,

        Plaintiff and Appellant,

  -vs-

WILLIAM A. MERRICK,

        Defendant and Respondent.

---

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Larry W. Moran, Bozeman, Montana

    For Respondent:

        Morrow, Sedivy & Bennett; Edmund P. Sedivy, Jr.,
Bozeman, Montana

---

Submitted on Briefs: August 28, 1986

Decided: November 7, 1986

Filed: 

_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Plaintiff Western Media, Inc., appeals the April 7, 1986, summary judgment awarded in favor of defendant William Merrick. We reverse and remand.

In 1975, William Merrick, was president and chief operating officer of KBMN, Inc., which operated radio station KBMN in Bozeman, Montana. At that time, Merrick entered negotiations to sell the radio station. The buyers formed the corporation Western Media, Inc., plaintiff herein, to effect the purchase. The parties understood that upon closing the sale, KBMN, Inc., would be dissolved and Merrick personally bound under the contract.

A sales contract was entered into on May 14, 1975, and the parties closed the transaction in August of 1975. Merrick signed the contract as president of KBMN, Inc., and in his individual capacity. The contract conveyed all assets, tangible and intangible, used in the operation of the station, with certain exceptions not relevant to this action.

The purchase price was $500,000 payable to Merrick. Included in this amount was $50,000 to be received by Merrick in return for his consultation services for five years, and $50,000 for his covenant not to compete for ten years. This covenant read as follows:

> For the further consideration of the sum of Fifty Thousand Dollars ($50,000.00), payable as hereinafter set forth, William A. Merrick, President of KBMN, Inc., agrees that from the closing date and thereafter for a period of ten (10) years, he will not directly or indirectly, alone or with others, individually or by a corporation or other entity, or through any representatives, engage in the operation of or as an employee of any AM or FM radio station or television station within a radius of fity (sic) miles from the city of Bozeman, Montana. The said sum of Fifty Thousand Dollars shall be payable to William A. Merrick in One Hundred Twenty (120) successive monthly installments of Four Hundred Sixteen and 67/100 ($416.67) Dollars, commencing on

the first day of each and every month following the closing date and the first day of each and every month thereafter during said period. No interest shall accrue on the unpaid balance if the installments are paid when due.

On September 1, 1984, Merrick took a position as coordinator for KUSM, a public television station located on the Montana State University campus in Bozeman. Upon learning of Merrick's involvement with KUSM, Western Media filed suit alleging Merrick had breached the covenant against competition contained in the sales contract. Merrick raised three affirmative defenses: 1) the covenant against competition was void as an unlawful restraint of trade; 2) KUSM was a non-commercial enterprise not in competition with KBMN; 3) Western Media's failure to make required payments pursuant to the covenant excused any possible breach by Merrick.

Following summary judgment motions by both parties, the District Court ruled in favor of Merrick. The court found the covenant against competition to be void and unenforceable as an unlawful restraint of trade. Western Media appeals and raises the following issue: Whether the District Court erred in granting summary judgment to Merrick?

At the time the parties executed the sale contract §§ 13-807 & 808, R.C.M., 1947, were in effect and provided:

Any contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided for by the next two sections, is to that extent void.

One who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or part thereof, so long as the buyer, or any person deriving title to the goodwill from him, carries on a like business therein.

Western Media contends Merrick's sale of the radio station included goodwill though not specifically mentioned. We agree. The contract transferred "all fixed and other assets,

3

tangible and intangible" to Western Media. Goodwill is considered to be an intangible asset of a business. 38 Am.Jr. 2d Goodwill § 3, pp. 913-14.

In Baldwin v. Stuber (1979) 182 Mont. 501, 597 P.2d 1135, we held that goodwill can pass by implication on the transfer of a business even though not mentioned in a written contract of sale. Where the seller of a business agrees in connection with the sale not to engage in the same business in the same place, the obvious intent of the seller is to transfer the goodwill of the business. 38 Am. Jr. 2d, Goodwill § 10, p. 918.

Merrick cites Wylie v. Wylie Permanent Camping Co. (1920), 57 Mont. 115, 187 P. 279, for the proposition that a mere stockholder cannot sell the goodwill of a corporation. We do not find Wylie to be persuasive authority. In the present case, KBMN, Inc. was dissolved pursuant to the sale and Merrick personally bound under the contract. Merrick was president and chief operation officer of KBMN, Inc., not a mere stockholder.

Next we address whether the covenant against competition is void as an unlawful restraint of trade. We find that it is not. The covenant restricted Merrick from any involvement with a radio or television station within 50 miles of Bozeman for a period of 10 years. The covenant is unenforceable to the extent it exceeded the guidelines of § 13-808, R.C.M., 1947, which permit covenants against competition "within a specified county, city, or part thereof." Treasure Chemical v. Team Laboratory Chemical (1980), 187 Mont. 200, 205, 609 P.2d 285, 288. This however does not void the covenant and for the purposes of this case the covenant was valid.

Merrick violated the covenant by taking a position as coordinator for KUSM television station which is within the

4

city limits of Bozeman. The covenant prohibited Merrick from being an employee of or engaging in the operation of any AM or FM radio station or television station within 50 miles of Bozeman and made no distinction between commercial and non-commercial stations.

Merrick contends Western Media's failure to make monthly payments pursuant to the covenant upon discovery of Merrick's position at KUSM excused any possible breach on his part. We do not agree. Merrick took the position with KUSM September 1, 1984. Western Media stopped monthly payments to Merrick in January, 1985. The language of the covenant is clear that Western Media's duty to make monthly payments pursuant to the covenant was dependent upon Merrick's performance.

The parties dispute determination of damages. Western Media contends it is entitled to return of all monies paid under the covenant, approximately $46,666. In Havre Daily News, Inc. v. Floren (1973), 163 Mont. 131, 135, 515 P.2d 673, 675, we stated the following rule:

> The damages accruing to the purchaser if the seller improperly interferes with the good will transferred, or commits a breach of a restrictive covenant, are the loss which the purchaser sustains by reason of the wrongful conduct of the seller.

Western Media did not sustain any damages prior to the breach by Merrick, but is entitled to return of payments made subsequent to such breach plus any other losses incurred due to Merrick's employment at KUSM.

Summary judgment is reversed and entered in favor of Western Media. We remand to the District Court for a determination of damages.

_____
Justice

5

We concur:

_P. H. Turnage_

_[signature]_

_John L. Shelby_

_R. C. Robertson_

_William E. Smith_
Justices

6