No. 88-133

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

WESTERN MEDIA, INC.,
a Montana corporation,

       Plaintiff and Appellant,

  -vs-

WILLIAM A. MERRICK,

       Defendant and Respondent.

_____

APPEAL FROM:  The District Court of the Eighteenth Judicial District,
           In and for the County of Gallatin,
           The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Larry W. Moran, Bozeman, Montana

    For Respondent:

        Edmund P. Sedivy, Jr.; Morrow, Sedivy & Bennett,
        Bozeman, Montana

_____

Submitted on Briefs: June 9, 1988

Decided:  July 7, 1988

Filed:    JUL 7 - 1988

*Ethel M. Harrison*

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Western Media, Inc. (Western Media), plaintiff/appellant in this case, originally brought an action against defendant/respondent William Merrick (Merrick) for breach of contract due to a violation of a covenant not to compete. That action was dismissed by the lower court but upon appeal, this Court reversed that decision which is published as Western Media, Inc. v. Merrick (Mont. 1986), 727 P.2d 547, 43 St.Rep. 1991. This second appeal and cross-appeal is from an order and judgment of the Eighteenth Judicial District Court, Gallatin County, granting Western Media attorney's fees on remand in the amount of $5,000. We affirm.

Western Media presents the following rephrased issue for our consideration:

Did the District Court abuse its discretion in granting $5,000 as attorney's fees in this breach of contract case where the express agreement between the parties allows for recovery of attorney's fees "as damages" and the losing party stipulated to fees in the amount of $16,338.75 but argued that the amount was unreasonable?

Merrick further cross-appeals from the same order and judgment and presents the following issue:

Did the trial court err in failing to set off the sum of $833.34 representing two monthly payments unpaid by Western Media from the $3,333.36 awarded?

The underlying facts are set out in Western Media, supra, 727 P.2d at 548-549, but will be reiterated to the extent needed for determination of this appeal and cross-appeal. The following facts are paraphrased from a stipulation between the parties dated June 3, 1987.

2

On May 14, 1975, Western Media and Merrick entered into an agreement for the sale of KBMN, Inc. naming Merrick as seller and Western Media as buyer. Contained in this agreement was a covenant not to compete for a ten-year period signed by Merrick in consideration of $50,000 to be paid in 120 monthly installments of $416.67 commencing September 1, 1975. On September 1, 1984, Merrick breached this covenant by taking a job with the Montana State University public television station, KUSM.

Even though Merrick had breached the contract on September 1, 1984, Western Media continued to make eight payments according to the agreement from September 1, 1984 through June 1, 1985. The payments amounted to $3,333.36. Western Media was awarded this amount after the initial appeal. Merrick claims $833.34 should be deducted from the amount because he quit working for KUSM on June 30, 1985 and Western Media therefore should be liable for the amounts due July and August of 1985.

The original agreement signed by Merrick also contained an attorney's fees clause which states:

> Attorneys Fees in Case of Breach:
> "In the event either party files suit to recover for a breach of this Agreement, or to enforce against another party any of the terms and provisions hereof, the prevailing party shall be entitled to recover as damages its reasonable attorneys fees incurred in the prosecution or defense of such action."

Both parties retained attorneys in this litigation. The District Court, in its opinion and order of January 12, 1988, stated Western Media was entitled to its attorney's fees pursuant to the agreement. Western Media submitted an affidavit stating hourly rates charged by its attorneys amounted to $16,338.75. The court ordered, and incorporated

3

into its judgment of January 26, 1988, that Western Media was entitled to $5,000 as reasonable attorney's fees.

Although an hourly fee is claimed by Western Media's attorney, we note that the attorney's fee agreement signed by the president of Western Media and its counsel called for fees to be paid either by contingency fee or by the hour, whichever resulted in the higher fee for the attorney. The applicable clause states:

> Compensation to the attorney for representing client will be based upon a contingency fee of forty percent (40%) of any amount recovered by settlement or trial at the District Court level, and fifty percent (50%) of any amount recovered on or after appeal to the Montana Supreme Court; or, an hourly rate of eighty-five dollars ($85.00) per hour for all office time spent, and $150.00 per hour for all Court time spent by the undersigned attorney on client's claim against Merrick, whichever calculation results in the larger compensation to the attorney. (Emphasis theirs.)

Even though attorney's compensation is provided for under § 25-10-301, MCA, which allows the amount and manner to be "[l]eft to agreement, express or implied . . . " this type of clause takes away the rationality behind contingency fee contracts.

Similar to Montana case law, Rule 1.5 of the Model Rules of Professional Conduct states: "[a] lawyer's fee shall be reasonable." This clause is bordering on being unreasonable considering that the rationale for contingency fees is based on the theory that attorneys risking their entire fee can justify a larger recovery. Under the above clause the attorney takes no risk and enjoys a windfall.

4

Western Media now claims that since the attorney's fees clause in the agreement stated the prevailing party was to recoup reasonable attorney's fees "as damages" that the intent of the parties was to make the prevailing party whole. Western Media cites § 27-1-311, MCA, for the proposition that the measure of damages in any breach of contract case is the amount that would compensate the aggrieved party "[f]or all the detriment which was proximately caused thereby or in the ordinary course of things would be likely to result therefrom." Western Media contends the express language of the agreement controls and it should receive an amount that would compensate it for its actual loss sustained in employing its attorney. We disagree.

In determining attorney's fees, a number of general rules have arisen over the years. Appropriately considered by the District Court is the rule stated in Crncevich v. Georgetown Recreation Corp. (1975), 168 Mont. 113, 119-120, 541 P.2d 56, 59, recently adhered to by this Court:

> The circumstances to be considered in determining the compensation to be recovered are the amount and character of the services rendered; the labor, time, and trouble involved, the character and importance of litigation in which the services were rendered, the amount of money or the value of property to be affected, the professional skill and experience called for, the character and standing in the profession of the attorneys; . . . the result secured by the services of the attorneys may be considered as an important element in determining their value.

Weinberg v. Farmers State Bank of Worden (Mont. 1988), 752 P.2d 719, 735, 45 St.Rep. 391, 411.

The District Court cited similar language in its opinion and order and stated it considered the

5

above-enumerated factors in determining $5,000 was a reasonable fee in this case. The court stated it also considered the fee agreement entered into by the parties.

Merrick contends the $5,000 award was excessive because it exceeds the amount of recovery actually received by Western Media. Merrick relies on the "result secured" language of Crncevich, and Weinberg, for the proposition that the attorney's fees received in this case are unreasonable. In Morris v. Nationwide Insurance Company (Mont. 1986), 722 P.2d 628, 43 St.Rep. 1363, cited by both parties, the prevailing attorney presented evidence that he had expended 352 hours of time on the case amounting to $29,992.25. The jury returned an award to the claimant in the case in the amount of $19,994.64. An agreement which had been signed by the attorney stated he would receive 33 1/3% of any recovery and an addendum excepted the first $6,000. We affirmed the district court's ruling that the attorney was entitled to $4,664.88 based on the contract entered into by the parties but stated "a contingent fee contract is not controlling in demonstrating the 'reasonableness' of an attorney fee" Morris, 722 P.2d at 631.

Although no contingent fee is claimed in this case, it is axiomatic that, within the guidelines established in Crncevich, and restated in Weinberg, "the amount fixed as attorney fees is largely discretionary with the District Court." Careek v. Ayer (1978), 188 Mont. 345, 347, 613 P.2d 1013, 1015. Merrick further cites to Johnson v. Tindall (1981), 195 Mont. 165, 635 P.2d 266, for the proposition that offers of settlement should be considered in determining reasonable attorney's fees. Merrick claims he made an offer to settle the case early in the litigation which was rejected by Western Media. This offer was allegedly for the same amount Western Media received. We note however, that

6

Johnson, supra, was not determined solely on the settlement offer and refuse to accept Merrick's contention that it is gravamen in this case.

Here, the District Court did not abuse its discretion in granting $5,000 as reasonable attorney's fees. See generally, Shors v. Branch (Mont. 1986), 720 P.2d 239, 43 St.Rep. 919; Donnes v. Orlando (Mont. 1986), 720 P.2d 233, 43 St.Rep. 890. The District Court properly considered the contractual relationship between the parties and analyzed the reasonableness of the fees under the Crncevich guidelines. The statement of attorney's fees as "damages" in the agreement is not sufficient to reverse the District Court in this case in light of the District Court's considerations.

We also affirm the District Court's decision not to reduce the award from $3,333.36 to $2,500.02 based on the $833.34 claimed due for the months of July and August in 1985. The District Court stated in its opinion and order of January 12, 1988:

> It is the position of this Court that once a contract has been breached, its terms may not be unilaterally resumed. A non-breaching party has no duty to perform the terms of the contract once it has been breached. The agreement is then broken and regardless of whether the breaching party ceases those activities constituting the breach, he has no basis upon which to demand performance from the non-breaching party . . .

We agree with this statement. Western Media disputes Merrick's citations to Havre Daily News v. Floren (1973), 163 Mont. 131, 515 P.2d 673; and Lieman-Scott, Inc. v. Holmes (1963), 142 Mont. 58, 381 P.2d 489. In both cases, the covenant not to compete was involved in the overall sale price and separate consideration was not paid. The

7

_Lieman-Scott_ Court held that a non-breaching party may affirm the contract and seek damages or rescind the contract and recover the sum paid, but the party could not rescind and recover damages. In this case we previously stated: "Western Media did not sustain any damages prior to the breach by Merrick, but is entitled to return of payments made subsequent to such breach plus any other losses incurred due to Merrick's employment at KUSM." _Western Media_, supra, 727 P.2d at 550. The sum paid is recoverable and the contract was rescinded. Merrick's employment or non-employment at any time after breaching the contract is not material.

It is a maxim of jurisprudence that "[n]o one can take advantage of his own wrong." Section 1-3-208, MCA. A party who breaches a contract cannot claim entitlement to that contract's benefits after such breach. Merrick's claim here is that he should benefit from his own breach. A party to a contract cannot take advantage of his own act or omission to escape liability thereon. Gramm v. Insurance Unlimited (1963), 141 Mont. 456, 462, 378 P.2d 662, 665; see also, Roundup Cattle Feeders v. Horpestad (1979), 184 Mont. 480, 603 P.2d 1044, (party could not recover for performance rendered before the breach where the breaching party completely breached an entire, nonservable contract without justification or excuse). Merrick's breach may not have been willful or intentional. However, the breach occurred and the contract was severed.

The District Court is affirmed on the appeal and cross-appeal in this case.

_____
Justice

8

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices