334 So.2d 30 (1976)
Ronald E. CUETO, Appellant,
v.
JOHN ALLMAND BOATS, INC., Etc., Appellee.
No. 75-1147.
District Court of Appeal of Florida, Third District.
March 17, 1976.
Rehearing Denied July 6, 1976.
*31 Cohen & Kokus, Miami, for appellant.
Adams, George, Wood, Lee & Schulte, Miami, for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Plaintiff appeals a final judgment awarding him a total of $3,056.46 in this action to recover commissions allegedly owed him for sales which he had secured following notification of termination of employment.
In 1968 plaintiff-appellant, Ronald E. Cueto, was hired by the defendant, John Allmand Boats, Inc., to represent the defendant in a particular assigned territory, and on January 7, 1970 the parties entered into the following employment agreement which reads in pertinent part:

 "It is hereby Agreed that RONALD E. CUETO will travel, and service and
 receive a 4% sales commission on 23 Series and 25 Series and 3% sales
 commission on 28 Series in the following states:
 "South Carolina Pennsylvania
 North Carolina New Jersey
 Virginia New York
 West Virginia Delaware
 Washington D.C. Connecticut
 New Hampshire Massachusetts
 Maryland Vermont
 Maine
 "If there is a failure on the part of RONALD E. CUETO to meet his
 responsibilities of travel, service and sales in the above territories,
 this Contract will be reviewed and appropriate changes made in writing,
 with a prior written notice of 30 days.
 "This Agreement will continue until cancelled by JOHN ALLMAND
 BOATS, INC., with a 30 day written notice, but not before January 31,
 1971.
 "RONALD E. CUETO may cancel this Agreement with a 30 day written
 ntocce.
 "JOHN ALLMAND BOATS, INC.
 "_______________________________ _________________________________
 "E.B. CAHEN, RONALD E. CUETO
 "Vice President, General Manager Eastern & Regional Sales
 Manager"

On December 1, 1972 defendant orally informed plaintiff that he was being terminated and on December 14 he received a written severance notice. Plaintiff continued to solicit orders for boats until he was ordered to vacate his office on January 2, 1973. Alleging that he was entitled to be paid upon (1) sales initiated, (2) orders taken, and (3) boats delivered subsequent to January 2, 1973, plaintiff filed the instant *32 action to recover in excess of $45,000 in commissions on the sales of these boats. The case was tried non-jury and at the conclusion of the trial, the judge found that the agreement in question was a service contract and not a commission contract (or an agreement in which payment is to be made for effectuating sales) and concluded that when the agreement came to an end on January 14, 1973 (pursuant to the 30 day notice requirement) then the duties and obligations of the parties came to an end and there was no obligation on the part of defendant to pay the sales commissions which were effectuated subsequent to the termination of the agreement. Thereupon, the trial judge awarded plaintiff $2,668.55 plus interest for deliveries and payments made during the 30 days from the written notice of December 14, 1972.
Plaintiff primarily contends the trial judge erred in construing the agreement between the parties to be a service contract rather than a sales commission contract. We disagree.
A contract will be construed according to its own clear and unambiguous terms. Arnold v. First Savings & Trust Co., 104 Fla. 545, 559, 141 So. 608 (1932). The agreement plainly reads that plaintiff is to travel, service and receive commissions until cancelled by 30 days notice. Thus, it is a service contract. Further, the evidence reflects that plaintiff was permitted and did receive commissions from sales which were made in his assigned geographical area by other salesmen and with which he had nothing to do other than service customers. In addition, the agreement contained no provision for commission payments to continue after termination of plaintiff's employment. We further note that in addition to sales, plaintiff was required to service the customers of his assigned area in order to be entitled to earn a commission. Obviously plaintiff did not and could not perform such services in connection with the sales which he made up to January 2, 1973, but not paid for until after that date. Last, where a salesman claims commissions for a period of time subsequent to his termination, the best guide to follow in interpreting the contractual obligations of the parties is the usage of the particular business involved. Trent v. Channel 10, WPLG-TV, Post-NewsWeek Stations, Florida, Inc., Fla.App. 1975, 309 So.2d 631. The testimony with regard to this question reveals that for plaintiff to prevail on this claim would be contrary to the practice followed by the defendant in that, by established custom, plaintiff himself received commissions on boat sales effectuated by his predecessors just as his successors received commissions on orders procured by him. Thus, this contention of plaintiff lacks merit.
We also considered the remaining points presented in this appeal and conclude plaintiff has failed to demonstrate reversible error.
Affirmed.