FRANK D. UPCHURCH, Jr., Judge.
Appellants appeal a judgment after a jury trial holding that insurance coverage does not exist. We affirm.
Pittman was injured when the motorcycle he was riding was struck by an Orange County sheriff’s car responding to an emergency call. Appellants contend the policies in question issued to Orange County and the county commissioners also covered the sheriff. Both parties agree that when purchased, it was the intention of the county commission not to cover the sheriff’s department and the department was specifically exempted from coverage by the language of the purchase proposal submitted by the county commissioners. The language of the policies, as delivered, did not specifically exempt the sheriff’s department.
Appellants contend that the language of the insurance policies is clear and unambiguous and parol evidence cannot be introduced to vary the plain meaning of them. Appellants point out that the Providence policy is to cover:
(b) Any elected or appointed official or employee of the named insured with respect to a non-owned automobile of the named insured ...;
and that under the Chicago policy: “any officer ... of the named insured, while acting in his capacity as such....” is covered. Appellants reason that the sheriff, being a county officer, article VIII, § 1(d), Florida Constitution, and an elected official, is, therefore, clearly within the coverage.
Normally a contract will be construed according to its clear and unambiguous terms. Cueto v. John Allmand Boats, Inc., 334 So.2d 30 (Fla. 3d DCA), cert. denied, 341 So.2d 290 (1976). The language used in a contract is the best evidence of the intent of the parties. Home Developers Company of St. Petersburg v. Bursani, 178 So.2d 113 (Fla.1965).
However, if we should accept appellants’ argument, we would in effect be holding that a person, claiming to be a third-party beneficiary but never intended as such by the parties, could obtain benefits which the parties never intended to sell or purchase and which were not paid for. The parties to the insurance agreement all acknowledge that the county did not intend to buy and the companies did not intend to sell coverage on the sheriff’s vehicles. A third-party beneficiary is a stranger to the contract. DiCamillo v. Westinghouse Electric Corporation, 122 So.2d 499 (Fla. 2d DCA 1960). The parol evidence rule may be invoked by any party to such contract or their privies, but cannot be invoked by a stranger to such contract. Palmer v. R. S. Evans Jacksonville, Inc., 81 So.2d 635 (Fla.1955). See J. N. Roof v. Chattanooga Wood Split Pulley Co., 36 Fla. 284, 18 So. 597 (1895); 3 Corbin on Contracts, 572-78 (1960).
Upon introduction of parol evidence of the intent of the parties, it became apparent that appellants were not even third-party beneficiaries. The trial judge correctly permitted the introduction of parol evidence.
AFFIRMED.
DAUKSCH, C. J., and COBB, J., concur.