BERANEK, Judge.
Plaintiff appeals from a final judgment entered in his favor in a dispute arising from a condominium construction project development. The plaintiff was a contractor and defendant was the owner of certain land being developed. The parties entered into an oral contract whereby the contractor was to do certain site preparation work and to be paid the total sum of $245,000. The work proceeded and eventually disputes arose which resulted in the filing of a claim of lien by the contractor. At that point, approximately $163,000 had been paid to the contractor.
In an attempt to settle the disputes, remove the lien and proceed with the project, the parties entered into a written agreement. This written agreement described the terms of the prior oral agreement and provided a very specific procedure for settlement of the controversy. The written agreement provided that the sum of $82,000 was still in dispute. The parties agreed to resolve the $82,000 dispute by securing bids from qualified independent contractors to determine the cost of completing the work in accordance with the original oral contract. The written contract was very specific and was not ambiguous in any way whatsoever. On the basis of the bids a formula for the final payment to the plaintiff was established. Plaintiff fulfilled his portion of the contract by securing the necessary bid for the work to be completed. Defendant did not secure his required bid and did not comply with the settlement agreement. Plaintiff sued based on the agreement. Plaintiff sought to establish damages by proving his own compliance with the settlement portions of the contract and the defendant’s noncompliance. The court instead computed damages based on the percentage of the work completed as testified to by the plaintiff, in relation to the initial contract price. The court awarded judgment in the amount of $8,500 in favor of plaintiff and plaintiff appeals seeking the sum of $39,280 plus interest. This latter sum was computed in accordance with the plaintiff’s bid and the specific settlement provisions of the contract.
We conclude that the court erred in not requiring strict adherence to the settlement provisions of the contract. The parties entered into a clear and unambiguous agreement as to the manner in which the controversy would be settled, and therefore the terms should be enforced as written. Cueto v. John Allmand Boats, Inc., 334 So.2d 30 (Fla. 3d DCA 1976). Plaintiff complied with the contract by securing the necessary bid for completion of the work. Defendant did not comply with the contract and should not be allowed to avoid the effect of the contract through his own noncompliance. There was obvious consideration for the contract and it should have been enforced.
We, therefore, remand the matter to the trial court for the purpose of computing damages in accordance with the contract based solely on the bid secured by the plaintiff. Plaintiff should also be allowed prejudgment interest from April, 1981, along with a recomputation of attorneys’ fees and costs.
REVERSED AND REMANDED.
DOWNEY and HERSEY, JJ., concur.