436 So.2d 359 (1983)
Daniel C. PERRI, General Partner of Andrew Christopher and Andrew Christopher, Ltd., D/B/a Bogie's On the Beach, Appellants,
v.
Jeff BYRD, Will Nowling, Ronald Pilcher and Rick Bowman, Appellees.
No. AQ-113.
District Court of Appeal of Florida, First District.
August 16, 1983.
*360 James M. Wilson, of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellants.
Gary B. Lane, Pensacola, for appellees.
ERVIN, Chief Judge.
Appellant, Bogie's, seeks review of a jury verdict awarding $15,000 in damages to appellees, the Band, for breach of an employment contract, and asserts on appeal that the employment contract was terminable at will, so that termination of the contract by Bogie's was not a breach. Bogie's contends also that at most the award of damages should be limited to the customary two-week notice period for the termination of a contract that is terminable at will. We agree and reverse the award of damages.
After various unsuccessful attempts of the Band at reaching an agreement with the Tiki Bar, where it had been playing without a written contract for several months, the Band pursued the possibility of summer employment at Bogie's. According to Byrd, a member of the Band, he discussed with Scoggins of Bogie's on March 31, 1982, the sum of $1,250 per week for the first four weeks, with the possibility of a raise thereafter depending upon the amount of business at the bar. They agreed that the Band would play Wednesdays through Saturdays from 9:00 p.m. until 2:00 a.m., and on Sundays from 8:00 p.m. until 1:00 a.m. If the Band decided they wished to play at Bogie's, they would begin work on April 28, but Scoggins wanted a definite answer by April 2. No written contract was ever reached between the Band and Bogie's.
The Band confirmed with Scoggins on April 2 the employment arrangements they had discussed, placed their notice of termination with Tiki, and gave their last performance there on April 18. On April 20, Scoggins informed the Band that he had received a letter from the Tiki saying that it would sue Bogie's for causing its employee to leave and that the Band had better resolve any problems with the Tiki. Scoggins told Byrd on April 23 that because of the potential difficulties with the Tiki, he had hired another band, thereby scuttling any further contractual arrangements between them.
Appellees maintain that because bands are customarily hired in that locale near the beach for an entire summer season, that if they had been employed as anticipated at $1,250 per week, they would have earned approximately $24,000 from April 28 through September 8. The parties do not dispute that an oral contract of employment of the band at Bogie's existed, at the weekly rate of $1,250. The appellees admit that no discussions or agreement took place with respect to the duration of the employment, but they contend that employment for the summer season was in the contemplation of the parties since that was customary for the area.
*361 We do not agree with this contention. The general rule is that a contract which contains no express provision as to duration, or which is to remain in effect for an indefinite period of time, is not deemed to be perpetual, but instead may be terminated at will. The party terminating the contract, however, must give reasonable notice to the other party. 11 Fla.Jur.2d Contracts § 33 (1979). As the oral contract on review contained no express provision as to duration, we find that the contract was terminable at will by either party, subject to the requirement of reasonable notice. The testimony of the parties indicates that two weeks' notice prior to termination is customary in the business, which we consider would have been the reasonable notice necessary, under the circumstances, before Bogie's could have properly terminated the contract with the Band. Consequently, we find that the maximum amount of damages the Band would have been entitled to was $2,500, based on two weeks' salary at the agreed rate. The record reveals, however, that the Band earned $400 at a bar called Franko's during the second week of the two-week period the parties were required to provide notice, and we find that this amount should be applied to mitigate the $2,500. We therefore conclude that an appropriate award of damages for the termination without proper notice is $2,100.
Accordingly, the award of $15,000 damages is reversed and modified consistent with this opinion.
THOMPSON and WIGGINTON, JJ., concur.