436 So.2d 431 (1983)
Carol MANNER f/k/a Carol Tello, Appellant,
v.
GOLDSTEIN PROFESSIONAL ASSOCIATION, Appellee.
No. 82-787.
District Court of Appeal of Florida, Third District.
August 30, 1983.
Thomas S. Wilson, Jr., Miami, for appellant.
Stephens, Lynn, Chernay & Klein and Robert Klein, Miami, for appellee.
Before BARKDULL, BASKIN and PEARSON, DANIEL, JJ.
BARKDULL, Judge.
Appellant wife in a then pending divorce proceeding entered into a property settlement agreement which provided in part as follows:
"WHEREAS, irreconcilable differences have arisen between Husband and Wife, and both are desirous of settling their respective property rights, and Husband desires to make provisions for the support and maintenance of the parties' minor child, the welfare of that child being the primary concern of the parties,
* * * * * *
NOW, THEREFORE, in consideration of the mutual agreements set forth hereinafter, together with other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged by each, Husband and Wife do hereby specifically agree that:
* * * * * *

*432 2. Husband specifically agrees to convey to Wife both as lump-sum alimony and as recognition of property rights which she might have in the property, his interest in the parties' marital home. In consideration of the above conveyance, and in settlement of Husband's compromise of his property rights over and above the lump-sum portion being paid to Wife, Wife specifically agrees to pay in cash to Husband the sum of Ten Thousand and no/100 Dollars ($10,000.00).

* * * * * *
4. As and for additional lump-sum alimony and in settlement of Wife's respective property rights, Husband agrees to transfer to Wife: ... (c) a sum of money sufficient to pay all outstanding medical bills for Wife's psychologist, Dr. Adler, not to exceed $1,000.

* * * * * *
12. Except with regard to the lump-sum alimony referred to in paragraphs 2 and 4, supra, Wife hereby specifically waives and renounces any and all claim to alimony and support money for herself, including dower rights and any other rights claims or demands of any nature or character whatsoever against Husband for now, the past, and all times in the future.
* * * * * *
14... . that each enters into this agreement freely and voluntarily, acknowledging that the agreement is in the best interests of the parties and the parties' minor child and is fair and equitable. Each party agrees to pay their respective attorneys their fees and suit costs.

* * * * * *
16. Each of the parties understands and agrees that this agreement constitutes the entire contract of the parties. It supersedes any prior understandings or agreements between them upon the subjects covered in this agreement. There are no representations or warranties other than set forth herein." (emphasis added)
Thereafter she refused to pay attorneys fees notwithstanding her undertaking. An action was then commenced by her attorneys to collect their fees, which was met by a counterclaim alleging malpractice on the part of her former attorneys, in one, failing to apply for temporary alimony or support payments for the minor child and two, failing to require the former husband to pay the total amount of the outstanding medical bills, notwithstanding the terms of the agreement.[1]
The trial court entered a summary judgment on the counterclaim in favor of the counter-defendant. At the time he entered the summary judgment there was an unrebutted affidavit by a prominent member of the bar of this state on file stating that the action of her counsel, in not applying for temporary alimony under the circumstances wherein the father was paying one-half the mortgage expenses and the mother was engaged in conduct not in the best interest of the child, did not depart from the expected degree and care of conduct of counsel for a mother of a domestic *433 relation matter. Sims v. Helms, 345 So.2d 721 (Fla. 1977); Sunshine Kitchens, Inc. v. Mallin, 388 So.2d 1260 (Fla. 3d DCA 1980); Drawdy v. Sapp, 365 So.2d 461 (Fla. 1st DCA 1978); Weiner v. Moreno, 271 So.2d 217 (Fla. 3d DCA 1973). The record reveals that the husband paid $50.00 per week during the litigation as voluntary support.
As to the claim for the additional $600.00 in doctors bills, this was clearly contrary to the terms of the property settlement agreement. The wife was attempting to avoid the terms of the written agreement by simultaneous oral declaration.[2] We find that this should not be permitted. Schwartz v. Zaconick, 68 So.2d 173 (Fla. 1954); Gulf Theaters v. Guardian Life Insurance Company of America, 157 Fla. 428, 26 So.2d 188 (1946); Linear Corp. v. Standard Hardware Company, 423 So.2d 966 (Fla. 1st DCA 1982); Carlon Inc. v. Southland Diversified Company, 381 So.2d 291 (Fla. 4th DCA 1980); Donnelly v. Marriott Corporation, 266 So.2d 183 (Fla. 3d DCA 1972).
It is significant that, the wife, in the final settlement of all the matters between her and her then husband, received the husband's interest in the marital premises which had a value of $25,000 for a payment of $10,000 in settlement of all claims and in the "best interest of the minor child".
Therefore for the reasons above stated the final summary judgment hereunder review be and the same is hereby affirmed.[3]
Affirmed.
DANIEL S. PEARSON, Judge, dissenting.
I dissent only from that part of the majority opinion which affirms the summary judgment against the wife on her claim for $600 against her former attorney. The essence of this claim is that the wife, in reliance on Goldstein's representation that he and the husband's attorney had a side agreement that the full amount of the psychologist's bill would be paid (presumably by the husband or his attorney), executed the written settlement agreement limiting the husband's obligation with respect to this $1,600 bill to $1,000. Whatever the merits of her claim, it is clear that she is not attempting to avoid the terms of her written agreement with her husband, but instead is asserting that her attorney's false representation detrimentally caused her to enter into the agreement by which she is concededly bound. Since she makes no effort to vary the terms of the written agreement, the parol evidence rule which would prevent such an effort is simply inapplicable.[4]
For these reasons, I would reverse in part the summary judgment entered against the wife.
NOTES
[1] The counterclaim reads in part as follows:

"... Thereafter, Goldstein failed to pursue temporary alimony and child support in a timely and effective manner and failed to respond to repeated telephone messages left by the Defendant/Counter-Plaintiff urging the speedy resolution of her petition for dissolution of marriage.
* * * * * *
8. As a result of Goldstein's failure to effectively and timely pursue legal remedies for her client, the Defendant/Counter-Plaintiff suffered monetary damages in excess of $2,250 and suffered severe mental and emotional distress.
* * * * * *
11. Upon presentation of redrafted settlement agreement for execution, Defendant/Counter-Plaintiff inquired as to the change in terms for the payment of outstanding medical bills. Goldstein advised that an oral agreement existed between Goldstein and counsel for Respondent/Husband effectuating the intent of the original officer. In reliance upon Goldstein's representations, Defendant/Counter-Plaintiff executed the settlement agreement as redrafted.
* * * * * *
12. As a result of her reliance upon Goldstein, Defendant/Counter-Plaintiff has suffered monetary damages in excess of $600.00... .
[2] The wife had drawn and submitted to her counsel a proposed settlement agreement to be submitted to counsel for her then husband, which was identical to that ultimately entered into as to all questions on review in this appeal, except that the husband put a $1,000 cap on his obligation to pay the psychologist's bill. The wife testified that at the time of signing of the agreement she raised this cap with her counsel, he told her that notwithstanding the limitations of this provision, he had an oral agreement with the husband through his counsel that he would pay the incurred bill as originally proposed.
[3] It also appears that if the wife is correct on the alleged oral agreement, with which we do not agree, she would first have to bring an action against her then husband and if unsuccessful because the finder of fact found there was not such oral agreement then she might have an action for misrepresentation or malpractice against her then counsel.
[4] Moreover, even if it were arguable that the thrust of the wife's counterclaim is to vary the agreement between her and her husband, the counterdefendant attorney (a stranger to the agreement) cannot invoke the parol evidence rule. Palmer v. R.S. Evans Jacksonville, Inc., 81 So.2d 635 (Fla. 1955); Pittman v. Providence Washington Insurance Co., 394 So.2d 223 (Fla. 5th DCA 1981). See J.N. Roof v. Chattanooga Wood Split Pulley Co., 36 Fla. 284, 18 So. 597 (1895).