502 So.2d 75 (1987)
Benny MALVER, Appellant,
v.
SHEFFIELD INDUSTRIES, INC., a New Jersey Corporation, Licensed to Do Business in the State of Florida, Appellee.
No. 86-954.
District Court of Appeal of Florida, Third District.
February 10, 1987.
*76 Robert E. Schack, Coral Gables, and Edward J. Schack, Oakland Park, for appellant.
Arnold Nevins, Miami Beach, for appellee.
Before BARKDULL, HUBBART and FERGUSON, JJ.
FERGUSON, Judge.
Benny Malver, an employee at will of Sheffield Industries, appeals from a final judgment entered in favor of Sheffield Industries. Malver brought this action to recover for a loss of insurance benefits as the result of a termination without notice.
On February 3, 1978, Malver was discharged from his position with Sheffield and was told that the discharge was effective immediately. Sheffield gave him one week's severance pay. The discharge resulted in the automatic termination of coverage under a group insurance policy. The following day Malver exercised his right to convert the policy into an individual policy, however, the benefits of the converted policy were substantially less than benefits provided under the Sheffield group policy.
The trial court found that prior to his discharge, Malver had informed Sheffield that he needed medical treatment. The record indicates that he did begin receiving treatment on February 11, 1978, eight days after his discharge, incurring substantial medical costs. Because the benefits under the converted policy were less than those provided by the Sheffield group policy, Malver personally had to pay $6,470 in medical expenses that would have been covered by the Sheffield policy had it still been in effect. Malver brought this action to recover that $6,470 from Sheffield.
This action was before this court once before on Malver's appeal from the dismissal of his complaint. Malver v. Sheffield Indus., Inc., 462 So.2d 567 (Fla. 3d DCA 1985). We affirmed the dismissal of Count II which alleged a tortious interference with a contract or expectancy but remanded the case with directions to allow the amendment of Count I which alleged breach of contract. We held then:
Sheffield, the employer, was required under the law to give Malver reasonable notice of termination. Perri v. Byrd, 436 So.2d 359 (Fla. 1st DCA 1983). If Malver pleads and proves that there was no reasonable notice given, he can recover those damages which were caused by the failure to give such notice. Byrd. Since it appears from the complaint that such an allegation can be made, Malver should be permitted to amend Count I.
Malver, 462 So.2d at 568.
On remand Malver did file an amended complaint which restated his breach of contract cause of action. After considering the testimony, documentary evidence and argument of counsel, the trial court entered a final judgment in favor of Sheffield and held that "[t]he procedure used by defendant to discharge plaintiff, wherein plaintiff was discharged effective immediately with one week's severance pay, was equivalent to reasonable notice, and plaintiff is, therefore, not entitled to recover from defendant." In making that determination the trial court considered uncontroverted evidence of the customary practice in the industry.
The contention here is that the trial court's finding that one week notice was reasonable constitutes reversible error. On the evidence presented we must disagree. Since the claimed medical expenses were not incurred until more than a week after a termination with a reasonable one *77 week notice, Malver was not entitled to the equivalent of Sheffield's group insurance coverage.
Findings of fact made by a trial court sitting as fact-finder come to this court with a presumption of correctness and will not be disturbed so long as the findings are supported by competent and substantial evidence in the record. Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982); Green v. Hartley Realty Corp., 416 So.2d 50 (Fla. 3d DCA 1982).
Affirmed.