PER CURIAM.
Affirmed. See Manner v. Goldstein Professional Ass’n, 436 So.2d 431 (Fla. 3d DCA 1983) (in divorce action, spouse not permitted to avoid terms of property settlement agreement by simultaneous oral declaration); N.A. Kerson Co., Inc. v. Shayne, Dachs, Weiss, Kolbrenner, Levy & Moe Levine, 45 N.Y.2d 730, 408 N.Y.S.2d 475, 380 N.E.2d 302 (App.1978) (in legal malpractice action, where plaintiffs alleged that attorney had improperly entered into a stipulation withdrawing an affirmative defense in was later settled by stipulation entered in open court, plaintiffs were required to prove that they would have succeeded but for the withdrawal of the affirmative defense); cf. Cohen v. Lipsig, 92 A.D.2d 536, 459 N.Y.S.2d 98 (App.Div.1983) (a cause of action for legal malpractice is viable despite plaintiffs settlement of underlying action when such settlement was compelled because of the mistakes of defendant, plaintiffs former counsel).