PER CURIAM.
This is an appeal by the defendant tenant from an adverse non-final order which grants the plaintiff landlord’s motion for summary judgment on liability in a declaratory decree action involving an interpretation of the lease agreement between the parties. We have jurisdiction to entertain this appeal, Art. V, § 4(b)(1), Fla. Const.; Fla.R.App.P. 9.130(a)(3)(C)(iv), and reverse based on the following briefly stated legal analysis.
First, we think the trial court was correct in concluding in the order under review that “[pjaragraph 3 of the rider to the lease grants the tenant the irrevocable right to lease additional contiguous space in the [landlord’s] building ‘upon the same terms and conditions as contained in this [ljease at a rental equal to the rental then being paid by the [tjenant under this [ljease.’ ” This option to lease, however, was never exercised by the tenant and no written lease was ever prepared or executed, as required by the above rider, with reference to the additional contiguous space in the said building which the tenant, in fact, subsequently occupied with the consent of the landlord. Nor did the original lease obligate the tenant to pay a fixed rental rate for after-acquired space not covered by the original lease.
Second, it is clear that the parties entered into a separate oral agreement permitting the tenant to occupy the aforesaid additional space based on rental and tax payment terms which were more favorable to the tenant than those contained in the original option. This oral agreement was not — contrary to the trial court’s conclusion —a modification of the original lease because nothing in this lease required the tenant to exercise the above option in the lease in the event it wished to rent additional space in the building. If, as here, the tenant chose not to exercise its option rights under the said lease, the parties were perfectly free to enter into whatever agreement they wished as to the rental of additional space in the building not covered by the original lease. See Arnold v. First Savings & Trust Co., 104 Fla. 545, 559, 141 So. 608 (1932); Cueto v. John Allmand Boats, Inc., 334 So.2d 30, 32 (Fla. 3d DCA), cert. denied, 341 So.2d 290 (Fla.1976); National Health Laboratories, Inc. v. Bailmar, Inc., 444 So.2d 1078 (Fla. 3d DCA), rev. denied, 453 So.2d 43 (Fla.1984); see also South Inv. Corp. v. Norton, 57 So.2d 1, 2 (Fla.1952).
Third, this being so, it is clear that the non-final order under review improperly granted the landlord’s motion for summary judgment as it erroneously interpreted the lease agreement contrary to the above analysis and, in particular, precluded the enforceability of the above-stated oral agreement between the parties relating to the additional contiguous space in the building. The said order is therefore reversed, and the cause is remanded for further proceedings in accordance with the views expressed in this opinion.
Reversed and remanded.