No. 89-502

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

THE ASSOCIATION OF UNIT OWNERS OF DEER
LODGE CONDOMINIUM, INC., a Montana corporation,
            Plaintiffs, Appellants and Respondents,
and THE BOARD OF DIRECTORS OF THE ASSOCIATION
OF UNIT OWNERS OF DEER LODGE CONDOMINIUM, INC.,
            Plaintiff and Respondent,
    vs.
BIG SKY OF MONTANA, INC., et al.,
            Defendants.
PAGE WELLCOME, P.S.C., a nonparty affected
by the determination in the District Court,
            Appellant.


APPEAL FROM:    District Court of the Fifth Judicial District,
                In and for the County of Madison,
                The Honorable Frank M. Davis, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Page Wellcome; Wellcome, Frost & Bartlett, Bozeman
            Montana (Class)
            Max Hansen, Dillon, Montana (Wellcome)

        For Respondent:

            J. Robert Planalp; Landoe, Brown, Planalp & Kommers,
            Bozeman, Montana (Association, Board)
            Michael J. Lilly, Bozeman, Montana
            Patrick G. Frank, Missoula, Montana


                        Submitted on Briefs: January 25, 1990

                                Decided: April 9, 1990

Filed:

_____
            Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This class action was the subject of an approved settlement on July 18, 1988, by the District Court for the Fifth Judicial District, Madison County. After a hearing on August 5, 1988, the District Court made its Order fixing attorney fees. Upon motion by the Association of Unit Owners of Deer Lodge Condominium (Association) on June 1, 1989, the District Court reduced the original award of attorney fees. Page Wellcome appeals such reduction in his fees. We affirm.

The sole issue for our consideration is whether the District Court erred in reducing Mr. Wellcome's attorney fees?

This case was previously before this Court when it was ordered to proceed as a class action with the Association and its Board of Directors acting as representatives. See State ex rel. Boyne USA, Inc. v. District Court (1987), 228 Mont. 314, 742 P.2d 464. After an adjustment by the District Court, the plaintiffs' Class received, by way of cash and other property, in excess of six million dollars. A series of settlement hearings were held on the Boyne case culminating in an August 5, 1988 hearing on the issue of attorney fees to be paid to Mr. Wellcome. Mr. Wellcome was represented by associates of his firm at the hearing.

On August 5, 1988, the District Court ordered attorney fees to be paid as follows:

> [T]he attorneys will receive TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) of the cash settlement proceeds from the initial cash payment. An additional

1

sum of TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) shall be paid from the first sale proceeds when the real property owned by the members of the class and the Deer Lodge Condominium Association or any part thereof is sold by the association. In addition to the foregoing the attorneys shall have an interest equal to TWENTY-FIVE PERCENT (25%) (one-fourth) of the sale price of the real property which percentage shall be applied to the sale price of all real property less the TWO HUNDRED (sic) AND 00/100 DOLLARS ($200,000.00) previously paid from the land sale proceeds. Such percentage amount shall then be reduced by any real estate commission paid on behalf of the association to a Montana licensed real estate agent in connection with such sale, the amount or percentage of which commission shall be agreed to (by the attorneys) prior to the real estate listing. If no licensed real estate agent is paid by the association then the TWENTY-FIVE PERCENT (25%) (one-fourth) of the land sale proceeds shall not be reduced and shall be paid in full to the attorneys.

In addition to the foregoing, the attorneys shall also receive the automobile credit attributable to the two (2) bedroom unit owned by the association.

The initial TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) payment as hereinabove specified shall be paid to the attorneys for the class on August 12, 1988.

The balance of the attorneys' fees in the additional amount of TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) together with the TWENTY-FIVE PERCENT (25%) (one-fourth) interest in the real property shall be paid to the attorneys when the land is sold and pending such sale the attorneys shall have a lien and charge against the real property owned by the Deer Lodge Condominium Association, and each and every condominium unit in the Deer Lodge Condominiums, in order to insure payment of such attorneys' fees as hereinabove specified. . . .

In September 1988, Mr. Wellcome left the country for an extended world tour. Subsequently the Association obtained new counsel. On June 1, 1989, the Association, through the Board of Directors, filed a motion with the District Court asking it to reconsider its Order granting Page Wellcome in excess of $794,748.58 in attorney fees. The motion argued that the award violated Montana law and did not take into account a substantial

2

amount of attorney fees and costs previously paid to Mr. Wellcome; that the award was based on the court's presumption that Mr. Wellcome would continue to represent the plaintiffs, when in fact, his representation was terminated; that notwithstanding the court's award, Mr. Wellcome's firm continued to charge on an hourly basis; and that the attorney fees were extreme in comparison to the benefits received by the Class members.

On June 30, 1989, after discovering that the record disclosed matters of which the Court was not previously aware, the Court entered its Order striking the contingent fee portion of the fee and reducing the cash balance still owing from $200,000 to $100,000. When Mr. Wellcome returned from his vacation, he pursued this non-party claim for his attorney fees. In its opinion and order on the Motion to Reassess, the District Court noted in its findings that the record before it disclosed matters of which it was not aware on August 5, 1988, including: (1) Mr. Wellcome had previously been paid $373,748.58 as fees and reimbursement of costs; (2) a previous attorney had been paid $135,000; (3) the value of the property received by the Class was not $1,000,000 as contemplated; but actually one-half of that sum; and (4) the court had not been advised of the existing law as to contingent fees in a class action. The court further noted that there was no evidence that these matters were misrepresented or withheld from the court. The court listed in its findings the attorney fees that had been paid to Mr. Wellcome as of June 13, 1989 as follows:

Payment fees & costs through August 5, 1988    $226,948.11
Payment of August 5, 1988                        200,000.00

3

| | |
|---|---|
| Payment by Safeco Insurance Company | 146,800.47 |
| Credit for Chrysler Automobile | 21,000.00 |
| TOTAL | $594,748.58 |

Although the court praised Mr. Wellcome's work on this case, it concluded that the "fee as originally approved, and under the facts, some of which were unknown to the Court, was not an equitable one", and the "funds on hand and anticipated are not sufficient to pay the approved fee." Thus, it ordered the contingent fee portion (the percentage of the sale) stricken and reduced the cash balance of $200,000 to $100,000. Mr. Wellcome appeals the amended award. We affirm.

## I

Did the District Court err in reducing Mr. Wellcome's attorney fees?

Mr. Wellcome maintains that the District Court erred when it reduced his fees, arguing that the District Court's initial Orders in 1988, awarding fees to Class counsel, after notice to the Class, were appropriately entered. He asserts that he followed the same fee agreement as Mike Coil, the counsel who originally represented the Association, which provided both an hourly rate to be paid as the litigation progressed, together with a contingent fee based upon a declining percentage scale at the conclusion of the litigation, and that such agreement was acceptable to the Association. Mr. Wellcome further contends that the District Court's findings are not supported by the evidence and that the August 5, 1988, Order was not appealed from, and was therefore binding, based on lack of an appropriate appeal and laches.

4

Relying on Western Media, Inc. v. Merrick (1988), 232 Mont. 480, 757 P.2d 1308, the Association urges that an award of attorney fees consisting of both a contingency fee and an hourly rate is unreasonable, whether or not the case involves a class action.

In reducing the attorney fees to Mr. Wellcome, the District Court cited Waters v. City of Chicago (Ill. App. 1981), 420 N.E.2d 599, for the proposition that in a class action an award of attorney fees is "contingent upon success, and upon the existence of a fund from which the fees can be paid", and that the evaluation of settlement must be "fair, reasonable, and in the best interests of all affected." We approve and adopt this standard for the evaluation of attorney fees in a class action.

The question of whether an attorney and client could agree to pay either an hourly rate or a contingent fee, whichever was larger, was addressed by this Court in Western Media. In Western Media, the parties agreed to payment of attorney fees of either a 40% contingent fee of any amount recovered or an hourly rate, "whichever calculation results in the larger compensation to the attorney." This Court stated:

> The circumstances to be considered in determining the compensation to be recovered are the amount and character of the services rendered; the labor, time, and trouble involved, the character and importance of litigation in which the services were rendered, the amount of money or the value of property to be affected, the professional skill and experience called for, the character and standing in the profession of the attorneys; the result secured by the services of the attorneys may be considered as an important element in determining their value.
>
> [T]he amount fixed as [contingent] attorney fees is largely discretionary with the District Court.

5

> Even though attorney's compensation is provided for under §25-10-301, MCA, which allows the amount and manner to be left to agreement, express or implied this type of clause takes away the rationality behind contingency fee contracts. (citations omitted).

Western Media, 757 P.2d at 1310. The result under Western Media is that the clause allowing a contingent fee or an hourly rate was not approved but was disapproved.

In its conclusions of law dated June 30, 1989, the District Court concluded that the previously approved attorney fees must in law and in equity be amended and adjusted by striking the contingent fee portion of the approved fee and reducing the cash balance from $200,000.00 to $100,000.00. The court's rationale was contained in a memorandum which stated in part as follows:

> In the Court's view, the contingent fee portion of the attorney fee is not only contrary to the law in class actions, it is under the facts confiscatory. The court has reviewed the applicable cases, specifically Waters v. City of Chicago, 402 N.E.2d 599, 604 (Ill.). . . . .
>
> Having made these observations, the court must consider the equities. The fee as originally approved, and under the facts, some of which were unknown to the court, was not an equitable one. The funds on hand and anticipated are not sufficient to pay the approved fee. Equity requires the ordered adjustment, e.g., striking the contingent fee and reducing the further cash payment.

The present case has been an extremely complex and prolonged example of class litigation. This Court is not in the position to accurately evaluate the extent of the attorney services provided and the fees which are reasonable as compensation for such services. The District Court on the other hand was the court which handled the complex litigation and under this circumstance is the

court peculiarly qualified to make the attorney fees determination. We conclude that there is substantial evidence to support the findings on the part of the District Court and that the District Court properly applied the law of Montana to the determination of the fees.

We affirm the fee determination on the part of the District Court.

We note that both parties raise other issues with regard to the underlying class litigation. We conclude that the attorney fees issue is the primary issue addressed by both parties and therefore do not find it necessary to consider any of the other matters presented by the parties.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

7