PER CURIAM.
Eugenio Diaz appeals a final judgment dismissing his action with prejudice. We affirm.
Eugenio Diaz, Israel Salabarria, and Raul Pozo created The Amicus Group, Inc., for the purpose of purchasing and developing real estate; Diaz was the Chairman of the Board, Pozo was the Secretary, and Salabarria was the President of Amicus Group. All three investors were directors, and each owned a one-third interest in the corporation. All had been involved in other investment schemes together. Diaz gave Pozo $90,000 in checks made out to the Amicus Group. Pozo deposited the checks in the corporate account. Diaz believed that attorney Eduardo Cantera would hold the money in escrow pending the purchase. Each investor was to contribute $150,000 to the venture. When Diaz learned that the property had not been purchased, he demanded that Pozo and Salabarria return the money. It is unclear whether he ever directly asked Cantera to return the money-
Diaz sued Salabarria, Pozo, and Cantera for fraud, civil theft, and conversion, demanding the return of the money. The defendants all denied the allegations in the complaint and asserted affirmative defenses. Diaz testified that he gave Pozo the checks for $90,000, that Amicus Group was created for the purpose of purchasing the real estate, that he was not aware of his roles in Amicus Group, and that he received nothing for his investment. At the conclusion of Diaz’s case, the trial court determined that he had not met his burden of proving the elements of fraud or civil theft. The trial court granted defendants’ motions for directed verdicts on these two counts. The trial court granted Salabar-ria’s and Cantera’s motions for dismissal on the conversion count.
The trial proceeded against Pozo on the conversion count. Pozo testified that he deposited Diaz’s check into Amicus Group’s account. Pozo stated that Diaz instructed him to follow Cantera’s instructions. As Cantera would request, Pozo disbursed the monies to cover various expenses, such as Cantera’s fees and the architect’s fees related to the real estate project. Further, Pozo testified that a $50,000 check had been issued at Cantera’s request for the purchase of a cashier’s check which was to be a deposit for the real estate purchase. Pozo asserted that he gave Diaz the $3,000 that remained in the account when Diaz demanded the return of his money. Copies of all canceled checks and the cashier’s check were admitted into evidence. Upon the conclusion of trial, the court stated:
Not as a matter of law but as a finder of fact, I will find in favor of the defendant’s [sic]. I think the evidence is believable and I believe the testimony of *780 Mr. Pozo. I believe they did not keep or deprive the plaintiff of the money. At all. So I will find for the defendant.
Apparently concluding that Diaz’s money was used in furtherance of the real estate purchase, the court entered final judgment dismissing Diaz’s action.
We affirm the trial court’s judgment. “Findings of fact made by a trial court sitting as fact-finder come to this court with a presumption of correctness and will not be disturbed so long as the findings are supported by competent and substantial evidence in the record.” Malver v. Sheffield Indus., Inc., 502 So.2d 75, 77 (Fla. 3d DCA 1987); Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982). In this case, the trial court’s findings are supported by the evidence presented, including Pozo’s testimony. As the finder of fact, the trial court has the duty to weigh the testimony and make its determinations based on an observation of the demeanor, bearing, and credibility of the witnesses. Raheb v. Di Battisto, 483 So.2d 475, 476 (Fla. 3d DCA 1986). Furthermore, “[w]e have no authority on this appeal to substitute our judgment for that of the trial court through a re-evaluation of the testimony and evidence appearing in the appellate record.” Raheb, 483 So.2d at 476, and cited cases.
Affirmed.
BASKIN and JORGENSON, JJ., concur.