PER CURIAM.
Because (a) the attorney’s fee, which was previously awarded by the trial court to the two law firms representing the plaintiffs in the underlying class action amounting to 25% of the $9,200,000 settlement obtained, was contingent upon the plaintiffs prevailing in the action and was therefore a “contingency fee,” within the meaning of the fee-sharing agreement between the two law firms, and (b) there was substantial, competent evidence adduced below that Hilary Langen, as required by the above fee-sharing agreement, worked on the underlying class action as an associate with the Bailey Hunt law firm, assisting in research, drafting pleadings and related work, the trial court did not err in enforcing the fee agreement between the two law firms which required that the two firms “share any contingency fees on a 50%-50% basis.” We have not overlooked Bailey Hunt’s extensive arguments to the contrary, but are not persuaded thereby. Malver v. Sheffield Indus., Inc., 502 So.2d 75, 77 (Fla. 3d DCA 1987); Gamble v. Mills, 483 So.2d 826, 829 (Fla. 4th DCA 1986); Waters v. City of Chicago, 95 Ill.App.3d 919, 51 Ill.Dec. 185, 190, 420 N.E.2d 599, 604 (1981); Association of Unit Owners of Deer Lodge Condominium, Inc. v. Big Sky of Mont., Inc., 242 Mont. 358, 790 P.2d 967 (1990).
Moreover, no reversible error is presented by the remaining evidence point. The error, if any, in admitting Mr. Scott’s expert opinion was entirely harmless.
The non-final order appealed from is therefore, in all respects,
Affirmed.