PER CURIAM.
Faith Freight Forwarding [landlord] appeals from a final judgment that determined the amount of damages it was owed by its former tenant, Panalpina Airfreight. We affirm in part, reverse in part, and remand for further proceedings.
On the main appeal, we affirm the trial court’s determination of the amount the tenant was obligated to pay for back rent and property damage; the findings are supported by substantial competent evidence. Malver v. Sheffield Indus., Inc., 502 So.2d 75, 77 (Fla. 3d DCA 1987) (“Findings of fact made by a trial court sitting as fact-finder come to this court with a presumption of correctness and will not be disturbed so long as the findings are supported by competent and substantial evidence in the record.”) (citations omitted).
However, the trial court erred as a matter of law when it denied as untimely the landlord’s claim for accrued property tax increases. The lease obligated the tenant to pay those increases, and was silent as to when the landlord was to demand payment from the tenant. See National Health Lab., Inc. v. Bailmar, 444 So.2d 1078 (Fla. 3d DCA) (where lease was silent as to when landlord had to demand payment of property tax increases, trial court could not redraft instrument to require that demand be made at any particular time), rev. denied, 453 So.2d 43 (Fla.1984).
We find no merit in the issues raised by the tenant in its cross appeal. The trial court’s findings as to when the tenant surrendered the premises, and which party was responsible for the property damage are supported by substantial competent evidence and will not be disturbed. Malver, 502 So.2d at 77. The trial court also correctly determined that the landlord “prevailed on the significant issues tried before the court” and was therefore the prevailing party for the purpose of awarding attorney’s fees. Moritz v. Hoyt Enters., 604 So.2d 807, 810 (Fla.1992).
Affirmed in part, reversed in part, remanded for further consistent proceedings.