DA 19-0115

**FILED**

04/07/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0115

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 82

WHITNEY ERIN GENDRON, individually and on
behalf of all other similarly situated,

      Plaintiffs and Appellants,

     v.

MONTANA UNIVERSITY SYSTEM,
JOHN DOE DEFENDANTS 1-100, and
JOHN DOE DEFENDANTS 101-150,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DV-09-953B
                Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Hillary P. Carls, Blackford Carls, P.C., Bozeman, Montana

                Erik B. Thueson, Thueson Law Office, Helena, Montana

                Mark J. Luebeck, Angel, Coil & Bartlett, Bozeman, Montana

        For Appellee:

                Robert C. Lukes, J. Andrew Person, Garlington Lohn & Robinson, PLLP, Missoula,
                Montana

        For Amicus Montana Trial Lawyers Association:

                John C. Heenan, Heenan & Cook, Billings, Montana

        For Amicus Montana Defense Trial Lawyers:

                Matthew B. Hayhurst, Randy J. Tanner, Boone Karlberg P.C., Missoula, Montana

                Submitted on Briefs:  October 30, 2019

                        Decided:  April 7, 2020

Filed:

                _____
                              Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Whitney Erin Gendron appeals the January 25, 2019 Findings of Fact, Conclusions of Law, and Order Re: Attorneys' Fees of the Eighteenth Judicial District Court, Gallatin County, partially denying her motion for attorney fees. We restate and address the following issues on appeal:

> *Issue One: Did the District Court abuse its discretion in its determination of whether the attorney fees awarded to Class Counsel were reasonable?*

> *Issue Two: Is Gendron entitled to interest accrued on the award of attorney fees?*

¶2 We affirm the decision of the District Court, but remand the case for a determination of the interest to which Gendron is entitled.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 In October 2009, Gendron filed individual and class action claims against her employer, Montana University System (MUS), based on violations of certain provisions of Montana's insurance law relating to benefits claims she requested under the MUS group health plan following an automobile collision.

¶4 In November 2016, the parties reached a partial settlement wherein MUS agreed to pay class members for certain insurance claims withheld and modify its policy language. The parties then filed a joint motion for preliminary approval of the settlement, class certification, and appointment of class counsel. On March 24, 2017, the District Court granted the motion and appointed Gendron the Class Representative and her attorneys as Class Counsel. The District Court's order further provided, "Class Counsel are entitled to

an award of reasonable attorneys' fees and costs, over and above, and separate from, the amount paid to Class Members."

¶5    On January 4, 2018, the District Court gave its final approval of the settlement. The parties were unable to agree to a total attorney fees and costs award. The District Court held an evidentiary hearing over the course of three different days to determine the amount of the award. At the hearing, Class Counsel stated they took Gendron's case on a contingency fee basis and requested the District Court calculate a fee award based on 33⅓% of the estimated aggregate settlement value of $10,842,000, for a total fee award of $3,610,386. Class Counsel alternatively requested the District Court award fees based on hourly rates of $350 and $400, respectively, with application of a multiplier of 4.22 to account for the additional responsibility and risk of taking on a class action, for a total fee award of $3,108,013.12. Class Counsel admitted they both retrospectively created their time records because they took Gendron's case on a contingency fee basis and typically do not keep contemporaneous time records for such cases.

¶6    On January 25, 2019, the District Court issued its Findings of Fact, Conclusions of Law, and Order Re: Attorneys' Fees, declining to award Class Counsel their requested fees under a percentage-based calculation. The District Court reasoned that the relief obtained by Gendron and other class members was primarily "injunctive in nature" and therefore could not be "easily monetized" or "estimated with reasonable certainty," nor did the parties agree on a total settlement value. The District Court instead calculated Class Counsel's fee award by multiplying the hours worked on the case by hourly rates of

$275 and $375, respectively, finding those rates to be customary of other attorneys in the area. The District Court did not apply a multiplier to the calculation, concluding it would have increased each Class Counsel's hourly rate to over a thousand dollars an hour. The District Court also reduced Class Counsels' claimed hours not contemporaneously recorded by 20%, resulting in a total fee award of $511,463.40. As added support for its analysis, the District Court cross-checked its fee against a percentage of the actual class member payout as of October 2018, $1,219,672.76, which would have resulted in a lower fee award of $406,557.55. The District Court directed MUS to pay Gendron's fees and costs within 30 days of the order.

¶7 On February 22, 2019, Gendron filed her notice of appeal of the District Court's attorney fee award. Pending appeal, MUS tendered full payment of the attorney fee award to Class Counsel, but Class Counsel refused to accept the funds. MUS then moved the District Court to deposit the funds with the Clerk of District Court or in a trust account, and requested a ruling that it would not have to pay interest on the attorney fee judgment because Class Counsel refused to accept the funds. Class Counsel subsequently moved to stay execution of the judgment. On May 17, 2019, the District Court granted Class Counsel's motion to stay, but it declined to rule whether interest would accrue on the judgment and ordered MUS to hold the funds pending resolution of the case on appeal, stating, "Pursuant to Rule 19(4), [M. R. App. P.], this Court does not have authority to deny interest on the judgment as requested by MUS. The issue should be raised with the Montana Supreme Court."

4

**STANDARDS OF REVIEW**

¶8 Where legal authority exists to award attorney fees, we will not disturb on appeal the amount of a party's fee award absent an abuse of discretion. *Davis v. Jefferson Cty. Election Office*, 2018 MT 32, ¶ 8, 390 Mont. 280, 412 P.3d 1048; *James Talcott Constr. Inc. v. P&D Land Enters.*, 2006 MT 188, ¶¶ 27, 62, 333 Mont. 107, 141 P.3d 1200. An abuse of discretion occurs when the district court acts arbitrarily, without employment of conscientious judgment, or in excess of the bounds of reason, resulting in substantial injustice. *Talcott Constr.*, ¶ 62 (citing *Renville v. Farmers Ins. Exchange*, 2004 MT 366, ¶ 24, 324 Mont. 509, 105 P.3d 280).

¶9 Whether a party is entitled to post-judgment interest is a conclusion of law which we review de novo. *Healy v. Healy*, 2016 MT 154, ¶ 19, 384 Mont. 31, 376 P.3d 99; *In re Marriage of Pfeifer*, 2000 MT 100, ¶ 11, 299 Mont. 268, 999 P.2d 340 (citing *Tipp v. Skjelset*, 1998 MT 263, ¶ 11, 291 Mont. 288, 967 P.2d 787).

**DISCUSSION**

¶10 *Issue One: Did the District Court abuse its discretion in its determination of whether the attorney fees awarded to Class Counsel were reasonable?*

¶11 Montana follows the "American Rule" regarding attorney fees, which generally requires each party to a dispute pay its own fees regardless of the outcome of the case, absent contractual or statutory fee-shifting authority. *See Abbey/Land v. Glacier Constr. Partners, LLC*, 2019 MT 19, ¶ 63, 394 Mont. 135, 433 P.3d 1230 (citing *Goodover v. Lindey's*, 255 Mont. 430, 445, 843 P.2d 765, 774 (1992)); *Folsom v. Mont. Pub. Emples. Ass'n*, 2017 MT 204, ¶ 43, 388 Mont. 307, 400 P.3d 706. When

5

attorney fees are authorized, the controlling standard in all actions, including class actions, is that the amount of fees awarded be reasonable. *See Talcott Constr.*, ¶ 63; *Ass'n of Unit Owners of Deer Lodge Condominium v. Big Sky*, 242 Mont. 358, 362-63, 790 P.2d 967, 970 (1990) (quotations omitted) ("[I]n a class action an award of attorney fees is contingent upon success, and upon the existence of a fund from which the fees can be paid, and that the evaluation of settlement must be fair, reasonable, and in the best interests of all affected."). The reasonableness of fees depends on the facts of each case. *Kenyon-Noble Lumber Co. v. Dependant Founds., Inc.*, 2018 MT 308, ¶ 31, 393 Mont. 518, 432 P.3d 133 (citing *Houden v. Todd*, 2014 MT 113, ¶ 37, 375 Mont. 1, 324 P.3d 1157).

¶12 We recognize two primary methods of calculating reasonable fees: the lodestar method, which involves "multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work," *Tacke v. Energy West, Inc.*, 2010 MT 39, ¶ 32, 355 Mont. 243, 227 P.3d 601 (quoting *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (per curiam)), and the percentage of the recovery method, which authorizes fees to be paid from a percentage of a common fund or a contingency fee agreement, *see Buckman v. Montana Deaconess Hosp.*, 238 Mont. 516, 520, 776 P.2d 1210, 1212 (1989) (quoting *Wight v. Hughes Livestock Co.*, 204 Mont. 98, 110, 664 P.2d 303, 309-10 (1983)) ("Ordinarily, when lawyers undertake a representation on a contingency basis, they bargain for a percentage of the recovery."); *Mt. W. Farm Bureau Mut. Ins. Co. v. Hall*, 2001 MT 314, ¶ 14, 308 Mont. 29, 38 P.3d 825 (providing that a party who creates or preserves a common fund benefiting ascertainable,

6

non-participating beneficiaries of the litigation is generally entitled to reimbursement of his or her attorney fees from that common fund).

¶13 Under the lodestar method, we have identified seven guiding factors to be used in determining the number of hours counsel reasonably expended:

> (1) the amount and character of the services rendered;
> (2) the labor, time and trouble involved;
> (3) the character and importance of the litigation in which the services were rendered;
> (4) the amount of money or the value of the property to be affected;
> (5) the professional skill and experience called for;
> (6) the attorneys' character and standing in their profession; and
> (7) the results secured by the services of the attorneys.

*Talcott Constr.*, ¶ 63 (citing *Plath v. Schonrock*, 2003 MT 21, ¶ 36, 314 Mont. 101, 64 P.3d 984); *Audit Servs. v. Frontier West*, 252 Mont. 142, 153, 827 P.2d 1242, 1250 (1992). These factors are nonexclusive, and a district court may rely on other considerations in determining reasonableness. *Talcott Constr.*, ¶ 63 (citing *Plath*, ¶ 36). The lodestar figure "is presumed to be the reasonable fee to which counsel is entitled." *Tacke*, ¶ 32 (original emphasis omitted) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564, 106 S. Ct. 3088, 3098 (1986); *Laudert v. Richland Cty. Sheriff's Dep't*, 2001 MT 287, ¶ 18, 307 Mont. 403, 38 P.3d 790). The district court may adjust the lodestar figure upward or downward according to other considerations. *Laudert*, ¶ 18 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983), *superseded by statute on other grounds*); *Audit Servs.*, 252 Mont. at 154, 827 P.2d at 1250 (citing *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990)). To assist courts in accurately and fairly arriving at a lodestar

7

figure, we have previously "strongly urge[d] counsel to keep and provide contemporaneous time records in support of attorneys' fees requests in fee-shifting cases, and we encourage[d] district courts to look askance at requests not so supported." *Tacke*, ¶ 38.

¶14 We have articulated a similar set of nonexclusive factors typically used to determine a reasonable fee award under the percentage of the recovery calculation:

(1) The novelty and difficulty of the legal and factual issues involved;
(2) The time and labor required to perform the legal service properly;
(3) The character and importance of the litigation;
(4) The result secured by the attorney;
(5) The experience, skill, and reputation of the attorney;
(6) The fees customarily charged for similar legal services at the time and place where the services were rendered;
(7) The ability of the client to pay for the legal services rendered; and
(8) The risk of no recovery.

*Stimac v. State*, 248 Mont. 412, 417, 812 P.2d 1246, 1249 (1991). *See also Kuhr v. City of Billings*, 2007 MT 201, ¶ 41, 338 Mont. 402, 168 P.3d 615 (affirming district court's application of *Stimac* factors to determine whether to award the full amount of a contingent fee agreement as reasonable attorney fees in wage claim action under § 39-3-214, MCA). A district court may also consider the contingency fee agreement between an attorney and client when using a percentage of the recovery calculation, but "[t]he amount fixed as contingent attorney fees" remains "largely discretionary" with the court. *Big Sky*, 242 Mont. at 363, 790 P.2d at 970 (quoting *Western Media, Inc. v. Merrick*, 232 Mont. 480, 484, 757 P.2d 1308, 1311 (1988)). *See also Weinberg v. Farmers State Bank*, 231 Mont. 10, 36, 752 P.2d 719, 735 (1988), *superseded by statute on other grounds*

("[A] contingent fee contract does not bind a district court in determining a proper amount of attorney fees to be awarded under a statute or contract provision.").

¶15    We have never endorsed the rule that a district court is required to employ one method of calculation over the other in any particular case. *See Head v. Central Reserve Life Ins. of N. Am. Ins. Co.*, 256 Mont. 188, 202-05, 845 P.2d 735, 743-45 (1993) (determining the district court did not abuse its discretion when it calculated fees under the lodestar approach but relied on a combination of factors, including the *Stimac* factors, to increase lodestar amount to achieve a fee equal to the agreed-upon contingency fee in an ERISA action under 29 U.S.C. § 1132(g)(1)). *See also In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (providing that courts generally "have discretion to choose which calculation method they use" as long as their discretion is "exercised so as to achieve a reasonable result."); *Galloway v. Kan. City Landsmen, LLC*, 833 F.3d 969, 973-74 (8th Cir. 2016) (quoting *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir. 1996)) ("It is within the discretion of the district court to choose which method to apply."); *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 280 (6th Cir. 2016) (quoting *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009)) ("District courts have the discretion to select the particular method of calculation, but must articulate the 'reasons for adopting a particular methodology and the factors considered in arriving at the fee.'"); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821 (3rd Cir. 1995) ("[T]he ultimate choice of methodology will rest within the district court's sound discretion."); *Florin v. Nationsbank, N.A.*, 34 F.3d 560,

9

566 (7th Cir. 1994) ("[B]oth the lodestar approach and the percentage approach may be appropriate in determining attorney's fee awards, depending on the circumstances. . . . [T]he decision . . . remains in the discretion of the district court."). As long the district court's decision is supported by an adequate rationale, *Head*, 256 Mont. at 205, 845 P.2d at 745, the court maintains broad discretion in its selection of the method of calculation and consideration of the guiding factors when awarding fees based on the competent evidence presented, *see Talcott Constr.*, ¶¶ 63-64 (citations and quotations omitted) ("[A]n award of fees, like any other award, must be based on competent evidence. . . . [E]vidence elicited through oral testimony, cross examination, and the introduction of exhibits is competent evidence upon which an attorney's fee award can be based."). *See also generally Vintage Constr., Inc. v. Feighner*, 2017 MT 109, ¶ 15, 387 Mont. 354, 394 P.3d 179 (providing that a district court is in the best position to hear and weigh the credibility of testimony and proffered evidence, and this Court will generally defer to the district court's resolution of conflicting evidence).

¶16 Gendron argues the District Court erred in reducing Class Counsel's requested amount of attorney fees, specifically by failing to consider and apply a multiplier when it conducted a lodestar calculation. We disagree.

¶17 The District Court held a hearing and expert testimony was presented from both sides. The District Court issued a detailed order determining the lodestar method was the most appropriate calculation under the circumstances of the case, particularly given the structure of the settlement and the lack of a traditional common fund from which

10

Class Counsel could be awarded a percentage. In setting Class Counsel's hourly rate, the District Court cited both *Stimac* and *Talcott* and applied several of the reasonableness factors to find the customary rate for similar attorneys in the area was much less than what Class Counsel requested. The District Court considered adjusting the fee award upward using the 4.22 multiplier as requested by Class Counsel, but ultimately rejected it, finding it would have significantly increased Class Counsel's hourly rate. The District Court then reduced the number of Class Counsel's claimed hours by 20% for those hours not contemporaneously recorded, finding counsel's approximation of that time years later to be incredible and inflated. The District Court then cross-checked its lodestar calculation against the percentage-based calculation to further support its fee amount. The District Court's calculation was supported by an adequate rationale at every step, and Gendron has failed to show the District Court's decision was arbitrary, decided without employment of conscientious judgment, or in excess of the bounds of reason under the circumstances.

¶18 *Issue Two: Is Gendron entitled to interest accrued on the award of attorney fees?*

¶19 On appeal, MUS argues that Gendron should not be awarded interest on the attorney fee award because MUS attempted to pay Gendron the award within 30 days as required by the District Court's order, but it was prevented from making the payment because Class Counsel refused to accept the funds and the District Court ordered MUS to hold the funds pending resolution of the case on appeal.

11

¶20    MUS relies exclusively on § 27-1-211, MCA, in support of its contention that Gendron is not entitled to interest on the attorney fee award.  MUS's reliance on § 27-1-211, MCA, is misplaced.  We have previously held that § 27-1-211, MCA, applies only to pre-judgment interest, not post-judgment interest.  *See Tipp*, ¶¶ 12-17; *In re Marriage of Mannix*, 242 Mont. 137, 140, 788 P.2d 1363, 1365-66 (1990).  When determining a party's entitlement to post-judgment interest, we look to §§ 25-9-204 and -205, MCA.  *Tipp*, ¶ 17.  "Post-judgment interest is not merely awarded in the discretion of the court, but is a statutory right."  *New Hope Lutheran Ministry v. Faith Lutheran Church of Great Falls, Inc.*, 2014 MT 69, ¶ 72, 374 Mont. 229, 328 P.3d 586 (citing *In re Marriage of Pospisil*, 2000 MT 132, ¶ 49, 299 Mont. 527, 1 P.3d 364; § 25-9-205, MCA).  A stay of execution of judgment pending appeal does not affect a party's statutory right to the post-judgment interest due.  *In re Marriage of Dalley*, 237 Mont. 287, 292, 773 P.2d 295, 298 (1989) (citing *Knudson v. Knudson*, 191 Mont. 204, 208, 622 P.2d 1025, 1026-27 (1981)).

¶21    The current Rules of Appellate Procedure incorporate these notions.  *See Tidyman's Mgmt. Servs. v. Nat'l Union Fire Ins. Co.*, 2016 MT 201, ¶¶ 24-25, 384 Mont. 335, 378 P.3d 1182.  We explained in *Tidyman's* that in cases where "a judgment for money in a civil case is affirmed," 19(4), M. R. App. P., requires payment of "whatever interest is allowed by law" to "be payable from the date the judgment was rendered or made in the district court."  *Tidyman's*, ¶ 25.

¶22    Aside from urging us to apply a statute that we have previously determined to be inapposite to post-judgment interest, MUS has not substantively argued for an exception to our established case law regarding the right to post-judgment interest.  Therefore, we conclude Gendron is entitled to post-judgment interest in this case.

## CONCLUSION

¶23    The District Court did not abuse its discretion in its determination of whether the attorney fees awarded to Class Counsel were reasonable.  MUS's reliance on § 27-1-211, MCA, as a basis for opposing interest on the attorney fee award is misplaced. Gendron is entitled to interest in accordance with § 25-9-205, MCA.  We remand to the District Court for a determination as to the interest to which Gendron is entitled.


/S/ JAMES JEREMIAH SHEA


We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON